72 P.3d 741 (2003)
In the Matter of the RECALL CHARGES AGAINST Robin FEETHAM, Mayor of Concrete.
No. 73754-1.
Supreme Court of Washington, En Banc.
Argued July 10, 2003.
Decided July 17, 2003.
*742 Robin Feetham, pro se.
Eron Berg, Mount Vernon, for respondent.
PER CURIAM.
This case involves the attempt to recall Robin Feetham, the mayor of Concrete, Washington. We are asked to evaluate the factual and legal sufficiency of three charges brought against Feetham. We are also asked to consider several motions, including Feetham's motion to dismiss the case because of conduct by opposing counsel, recall petitioner Elizabeth Bergsma's motion for attorney fees for responding to Feetham's motion to dismiss, Feetham's motion to admit additional evidence, and Bergsma's motion to strike portions of Feetham's brief. We conclude that two of the charges are both factually and legally sufficient. We deny Feetham's motion to dismiss and to admit additional evidence and grant Bergsma's motion for attorney fees and to strike portions of Feetham's brief.

FACTS
In February 2003, Elizabeth Bergsma initiated recall proceedings against the mayor of Concrete, Robin Feetham. Bergsma presented *743 eight charges against Feetham. Pursuant to RCW 29.82.023, the Skagit County Prosecuting Attorney's Office filed a petition with the superior court to determine the adequacy of the ballot synopsis and whether the charges against Feetham were factually and legally sufficient. After hearing oral argument and reviewing the affidavits filed, the superior court determined that three of the charges were both legally and factually sufficient.
The superior court certified the ballot synopsis, which lists the surviving three charges[1] as follows:
1. Feetham used his elected office to benefit the Mount Baker Café by ordering the building official to allow it to open although the establishment did not comply with applicable building regulations.
2. Feetham used his elected office for his personal benefit by removing from City Hall the Town's permit file regarding his property and failing to obtain required building permits.
3. Feetham used his elected office for his personal benefit by ordering Town Police to arrest a Town resident for trespassing when the resident was on public property.
Clerk's Papers (CP) at 93-94.
Feetham petitioned this court under RCW 29.82.160[2] for review of the superior court's findings that these three charges were legally and factually sufficient.

ANALYSIS
Our state constitution provides that citizens may seek the removal of an elected official from office through a recall election. Wash. Const. art. I, §§ 33-34;[3]In re Recall of Kast, 144 Wash.2d 807, 812, 31 P.3d 677 (2001). The legislature codified the recall process at chapter 29.82 RCW. In order to protect elected officials from recall petitions based on frivolous charges, the statute requires the courts to serve as a gatekeeper by determining whether the charges are legally and factually sufficient. RCW 29.82.023. The statute specifies that the superior court is not to evaluate the truth of the charges, only their sufficiency, and must construe the recall statutes in favor of the voters. RCW 29.82.023. The superior court's decision may be appealed to this court directly, which reviews the superior court's decision using the same criteria as the superior court. RCW 29.82.160; Kast, 144 Wash.2d at 813, 814, 31 P.3d 677.
To be factually sufficient, the petition must follow the specificity requirements of RCW 29.82.010. Although the charges may contain some conclusions, they must state "sufficient facts to identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office." Chandler v. Otto, 103 Wash.2d 268, 274, 693 P.2d 71 (1984). The petition must "give a detailed description including the approximate date, location, and nature of each act complained of...." RCW 29.82.010. On the whole, the facts must indicate an intention to violate the law and must support recall. In re Recall of Ackerson, 143 Wash.2d 366, 371, 20 P.3d 930 (2001). The persons filing the petition must verify under oath that they believe the charges are true and that they have some knowledge of the alleged facts that are the basis for the recall charges. RCW 29.82.010. This requires more than a simple belief that the charges are true, "but there is no requirement that *744 the knowledge be firsthand." Ackerson, 143 Wash.2d at 372, 20 P.3d 930.
Legal sufficiency requires that the petitioner allege a prima facie case of misfeasance, malfeasance, or violation of the oath of office, without justification. RCW 29.82.010; Kast, 144 Wash.2d at 813, 31 P.3d 677. "[A]n elected official cannot be recalled for appropriately exercising the discretion granted him or her by law." Chandler, 103 Wash.2d at 274, 693 P.2d 71. For the purposes of recall, "`[m]isfeasance' or `malfeasance' in office" means "wrongful conduct that affects, interrupts, or interferes with the performance of official duty." RCW 29.82.010(1). "Misfeasance" can mean "performance of a duty in an improper manner." RCW 29.82.010(1)(a). "Malfeasance" can mean "commission of an unlawful act." RCW 29.82.010(1)(b). "`Violation of the oath of office'" is the "wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29.82.010(2).

First Charge
Bergsma alleged the following regarding the first charge against Feetham:
Between March 12, 2002 and May 24, 2002, Mayor Feetham ordered then Town of Concrete building official Bill Adams to rescind a stop work order that Mr. Adams had issued to the developers of the Mount Baker Café & Hotel as a result of activity that violated the Uniform Building Code and the laws of Concrete. Mayor Feetham ordered Mr. Adams to not enforce the law, to not issue a stop work order and to "leave it alone" on May 16, 2002. On June 10, 2002 a certificate of occupancy was granted despite a lack of permitting or compliance with law and on June 13, 2002, Mr. Adams resigned. At the time of issuance, the Mount Baker Hotel was not in compliance with the UBC or local law and posed a risk to the health, safety and welfare of the people of Concrete. Mayor Feetham utilized his position to demand that an employee not enforce the law or enforce the law in an arbitrary and capricious manner, favoring individuals selected by Mayor Feetham, thereby securing a special exemption or privilege for the owners of the property, in violation of the law, including RCW 42.23.070, and in violation of his oath of office.
CP at 5-6.
Bergsma submitted a sworn affidavit stating that these charges were based on her conversations with Bill Adams and on her review of Adams' diary. She also states that she reviewed town council meeting minutes and had conversations with the former town clerk, Mickey Zitkovitch.

Factual Sufficiency
This charge is factually sufficient because it meets the specificity requirements of RCW 29.82.010 as to time, place, and location. If believed by the electorate of Concrete, these charges suggest that Feetham intended to break the law by instructing the town building official to not enforce the building codes. Bergsma bases her charges on information that would be hearsay under the rules of evidence, but the rules of evidence do not govern here. There is no requirement that Bergsma have firsthand knowledge of the facts. Ackerson, 143 Wash.2d at 372, 20 P.3d 930. Because the first charge is based on more than her belief that the charge is true and meets the specificity requirements of RCW 29.82.010, it is factually sufficient.

Legal Sufficiency
This charge is also legally sufficient because it provides a prima facie case that Feetham committed misfeasance or malfeasance by affecting, interrupting, or interfering with the performance of an official duty when he instructed the town building official to not enforce building codes regarding the Mount Baker Café & Hotel. The allegation that Feetham directed the building official to benefit the owners of the Mount Baker Café & Hotel by not enforcing the building codes also supports a prima facie case that Feetham violated RCW 42.23.070(1), which prohibits "us[ing] his ... position to secure special privileges or exemptions for himself, herself, or others."
Feetham argues that directing the building official to disregard the building *745 codes and issue an occupancy permit to the Mount Baker Café & Hotel was within his discretion as mayor. He cites to RCW 35.27.240 as authority that the town building official reports to him directly. Feetham cites no authority that gives him discretion to direct the building official to refuse to enforce the building codes. The first charge is therefore legally sufficient. The superior court did not err in approving it.

Second Charge
Bergsma alleged the following facts in support of the second charge:
On or about August 2002, Mayor Robin Feetham took possession of the Town's building and permit file relating to property that he owns. While a member of the Concrete Council, Mayor Feetham performed work on his property that required authorization from the Town. His file included copies of correspondence from the then building inspector and then town attorney advising him to comply with the law. Mayor Feetham failed to obtain required permits, even after being advised of the requirement. That file was removed from Town hall and Town possession. Mayor Feetham ordered the then clerk/treasurer not to request a law enforcement investigation of the missing file. Such removal, for private purposes other than official Town business, constitutes a theft and/or possession of stolen property and an injury or misappropriation of record. The Mayor's action in taking and keeping that file, and failure to comply, is a violation of law, RCW 42.23.070, RCW 40.16.020, RCW 9A.56.050, and of his oath of office.
CP at 6.
Bergsma swears in her affidavit that she made these charges based on conversations with Mickey Zitkovitch, who was the custodian of the town's records at the time of the charged events. Zitkovitch had personal knowledge that the file was missing. Bergsma states that Feetham told Zitkovitch that he had the file, and to not report the missing file to law enforcement after Zitkovitch told Feetham that the file's disappearance likely constituted a crime. Bergsma also states that she reviewed public records regarding Feetham's failure to obtain the building permit, including letters from the town attorney and the town building official.

Factual Sufficiency
The second charge meets the specificity requirements of RCW 29.82.010 as to time, place, and conduct by Feetham. Bergsma establishes that the charge is based on her knowledge of facts, not merely her beliefs. If believed by the electorate of Concrete, these facts imply that Feetham intended to break the law when he told Zitkovitch he had the missing file and not to report it, despite knowing that the file's disappearance likely constituted a crime. The second charge is factually sufficient.

Legal Sufficiency
The facts of the second charge also support a prima facie case that Feetham committed malfeasance by committing an unlawful act. Again, RCW 42.23.070(1) prohibits a municipal officer from securing special privileges for himself or herself. In addition, RCW 40.16.020 provides that it is a crime for an elected officer to "mutilate, destroy, conceal, erase, obliterate, or falsify any record or paper appertaining to the officer's office, or who shall fraudulently appropriate to the officer's own use ..., property intrusted to the officer by virtue of the officers office...."[4] RCW 9A.56.020 and RCW 9A.56.050 provide that a person commits third degree theft if the person intends to appropriate property not belonging to the person, when the property is valued at $250 or less. The facts here provide prima facie evidence of these crimes because they suggest that Feetham admitted taking the town file for his own personal use, despite knowing that doing so violated the law. Feetham does not argue that his removal of the file was within his discretion or was otherwise justified. The second charge is *746 therefore legally sufficient. The trial court did not err in approving it.

Third Charge
In support of the third charge, the Bergsma brought the following facts:
On January 19, 2003 Mayor Feetham ordered Town Police Officer Chris Roff to arrest Larry Bergsma for trespassing onto Mayor Feetham's property. Mr. Bergsma was on public right of way at the time. Mr. Bergsma was not taken into custody by the police officer, however, Mayor Feetham's order was issued to attain personal benefit or advantage against his neighbor through a misuse of police power and the use of false or misleading statements to a public servant which constitutes a violation of RCW 42.23.070, RCW 9A.76.175 and a violation of his oath of office.
CP at 7.
Bergsma's affidavit states that she personally witnesses these events and also spoke to Officer Roff regarding them.

Factual and Legal Insufficiency
The third charge is specific as to time and place, but it does not provide specific information that would allow a member of the Concrete electorate to find misfeasance, malfeasance, or violation of Feetham's oath of office. As discussed above, RCW 42.23.070 prohibits an elected official from securing special privileges to himself or herself. Although the charge may include conclusions, it must provide facts that support the conclusions. Chandler, 103 Wash.2d at 274, 693 P.2d 71. The third charge is insufficient because it does not provide specific facts to support its conclusions that Feetham was attempting to secure a special privilege to himself rather making a request that could have been made by any citizen who believed the law was being violated.
Bergsma also alleges violations of RCW 9A.76.175, which prohibits knowingly giving false or misleading information to a public servant. Yet, Bergsma gives no information upon which a member of the Concrete electorate could infer that Feetham knew that Mr. Bergsma was not trespassing. Because the third charge does not present a prima facie case that Feetham committed misfeasance, malfeasance, or violated his oath of office, it fails. We reverse the superior court regarding this claim.

MOTIONS
In addition to considering the sufficiency of the above three charges against Feetham, several motions have been brought.

Feetham's Motion to Remove Opposing Counsel and Dismiss the Recall Petition
Bergsma is represented by Eron M. Berg, an attorney and the mayor of La Conner. In a local newspaper article on the recall of Feetham, Berg identified himself as an attorney and another mayor in the county. Berg was quoted as saying that the matter would disappear if Feetham resigned as mayor of Concrete. Feetham perceived this as a threat and argues that Berg has a conflict of interest as a mayor of another town. Feetham also argues that statements Berg made to a local newspaper prejudiced the electorate of Concrete against Feetham.
Feetham alleges violation of several of the Rules of Professional Conduct (RPCs) including the prohibition against successive government and private employment (RPC 1.11); against nonmeritorious claims (RPC 3.1); against extrajudicial statements before a trial which could prejudice potential jurors (RPC 3.6); and against misconduct involving dishonesty (RPC 8.4). Feetham also alleges violation of several RCWs, including those that prohibit private compensation for performance of official duties of a state officer (RCW 42.52.110); conflicts of interest with public duties (RCW 42.52.020); and securing special privileges as a public officer (RCW 42.52.070). Feetham also alleges Berg violated the oath of attorney (RCW 2.48.210). Feetham fails, however, to cite any authority allowing this court to remove an opposing counsel in a civil matter for the violation of any of the charges he makes against Berg.
It is important to emphasize that a recall petition is fundamentally political in nature. The electorate of Concrete will have to decide whether to sign the petition to recall *747 Feetham as mayor and potentially to vote on his recall. There will likely be lively public discourse on the credibility of the surviving charges against Feetham. Newspaper articles, such as the one Feetham complains of, are a legitimate part of this discourse, and court rules do not govern it.
Finally our function in this case is only to make sure nonfrivolous charges go to the electorate for consideration. No possibility exists that Berg's alleged misdeeds have prejudiced Feetham before this court in its consideration of the sufficiency of the charges against him. Feetham's motion to remove Berg and to dismiss the recall petition is denied.

Bergsma's Motion for Attorney Fees
Bergsma argues that the above motion to dismiss was a violation of CR 11 and subject to sanctions against Feetham for the cost of defending the motion. After this court has accepted review of a case, a motion for sanctions for filing a frivolous motion is properly made under RAP 18.9(a). Fees are awarded only if an appeal, or in this case, a motion is frivolous. An appeal or motion is frivolous if there are "`no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility'" of success. Millers Cas. Ins. v. Briggs, 100 Wash.2d 9, 15, 665 P.2d 887 (1983) (quoting Streater v. White, 26 Wash.App. 430, 435, 613 P.2d 187 (1980)).
Here, Feetham cited no authority which would allow this court to dismiss this case. Because he presented no debatable point of law, this motion is frivolous and we grant Bergsma's motion for fees incurred defending it.

Feetham's Motion for Additional Evidence and Bergsma's Motion to Strike Portions of Feetham's Brief
Feetham moves us to accept evidence that was not before the trial court. This court requires that six conditions be met before we will take additional evidence on review. RAP 9.11(a).[5] Feetham only argues that the second condition is met herethat additional facts will probably change the decision being reviewed.
Feetham's motion fails because he fails to argue the remaining five criteria apply and also because even the second criterion does not apply. Feetham appears to misunderstand that the lower court's and this court's review is only for a prima facie case, not for the truth of the charges. Any evidence Feetham has that may rebut the charges is not helpful in determining whether the charges are valid on their face. The motion to admit additional evidence is denied.
For similar reasons, we grant Bergsma's motion to strike portions of Feetham's brief that argue evidence not before the superior court.

CONCLUSION
We affirm the superior court on charges 1 and 2, but reverse on charge 3 for lack of a prima facie case for misfeasance, malfeasance, or violation of the oath of office. Feetham's motion to dismiss is denied and Bergsma's motion for attorney fees is granted. Feetham's motion to admit additional facts is denied. Bergsma's motion to strike portions of Feetham's brief is granted.
NOTES
[1] In the initial ballot synopsis, the surviving charges were listed as charges 2, 5, and 7. Although Feetham continues to refer to them as such, we refer to them as they were renumbered in the new synopsis: 1, 2, and 3.
[2] In recall matters, the superior court has original jurisdiction and "[t]he supreme court has like original jurisdiction in relation to state officers and revisory jurisdiction over the decisions of the superior courts." RCW 29.82.160. Chapter 29.82 has since been amended by the Laws of 2003, Reg. Sess., ch. 111 (Substitute S.B. 5221), but the above language remains the same in the amended statute.
[3] Article I, section 33 provides in relevant part that "[e]very elective public officer of the state of Washington ... except judges of courts of record is subject to recall and discharge by the legal voters of the state, or of the political subdivision of the state, from which he was elected..."
[4] The 2003 legislative session amended RCW 40.16.020 to include that committing these acts is also a class B felony.
[5] The six conditions for accepting additional evidence on review are that "(1) additional proof of facts is needed to fairly resolve the issues on review, (2) the additional evidence would probably change the decision being reviewed, (3) it is equitable to excuse a party's failure to present the evidence to the trial court, (4) the remedy available to a party through postjudgment motions in the trial court is inadequate or unnecessarily expensive, (5) the appellate court remedy of granting a new trial is inadequate or unnecessarily expensive, and (6) it would be inequitable to decide the case solely on the evidence already taken in the trial court." RAP 9.11(a).