2013 AUG 13 PM 12: 24


# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| JUSTIN LEONARD, | No. 67343-2-I |
| Appellant, | DIVISION ONE |
| v. | |
| GRUBB & ELLIS EQUITY ADVISORS, PROPERTY MANAGEMENT, INC., a Delaware corporation doing business in the state of Washington; KONE, INC., a Delaware corporation doing business in the state of Washington; OTIS ELEVATOR CO., a New Jersey corporation doing business in the state of Washington; MICROSOFT CORP., a Washington corporation; PUGET SOUND ENERGY, INC., a Washington corporation, | UNPUBLISHED FILED: <u>August 19, 2013</u> |
| Respondents. | |

COX, J. — The elements of a negligence claim that a plaintiff must prove are duty, breach, causation, and injury.[1] Duty is a question of law for the courts to decide.[2]

---

[1] <u>Xiao Ping Chen v. City of Seattle</u>, 153 Wn. App. 890, 899, 223 P.3d 1230 (2009) (quoting <u>Keller v. City of Spokane</u>, 146 Wn.2d 237, 242, 44 P.3d 845 (2002)).

[2] <u>Michaels v. CH2M Hill, Inc.</u>, 171 Wn.2d 587, 597, 257 P.3d 532 (2011).

Here, Justin Leonard fails to show that Grubb & Ellis Advisors, Inc. owed him a duty. Accordingly, there are no genuine issues of material fact for trial. The trial court properly granted summary judgment dismissing this action. We affirm.

The facts are largely undisputed. On July 25, 2007, there was a power fluctuation at the Microsoft campus in Redmond. This power interruption caused three "chiller plants," which housed part of the campus's air regulation system, to shut down briefly. When the power was restored, all three plants started up at the same time. The large increase in current overloaded the electrical system on the campus and blew a fuse. This blown fuse caused power outages to several buildings on the Microsoft campus including building 26.

Before the power outage, Leonard, an employee of Microsoft, entered an elevator in building 26. When the power went out, the elevator's emergency breaks activated. Leonard claims to have been injured when the elevator stopped suddenly.

Leonard sued five defendants for negligence: Grubb & Ellis; Microsoft Corp.; Otis Elevator, Co.; Puget Sound Energy, Inc.; and Kone, Inc. It appears that Leonard voluntarily dismissed his claims against Microsoft and Otis. The trial court granted Kone's and Puget Sound Energy's motions for summary judgment.

The remaining defendant, Grubb & Ellis, the property managers for the Microsoft Redmond campus at the time of power disruption, moved for summary judgment. The trial court granted the motion.

Leonard appeals.

## DUTY

Leonard argues that there are genuine issues of material fact for trial on his negligence claim against Grubb & Ellis. Specifically, he argues that as a Microsoft employee, it was foreseeable that he would be harmed or injured when Grubb & Ellis allegedly failed to adequately operate, maintain, and manage electrical equipment in their control. We hold that Leonard's failure to demonstrate that Grubb & Ellis owed him any duty supports the grant of its motion for summary judgment.

In a motion for summary judgment, "the moving party bears the initial burden of showing the absence of an issue of material fact."[3] The moving party may meet this initial burden "by 'showing—that is, pointing out to the [trial] court—that there is an absence of evidence to support the nonmoving party's case.'"[4] "If the moving party is a defendant and meets this initial showing, then the inquiry shifts to the party with the burden of proof at trial, the plaintiff."[5] The plaintiff must then "'make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . .'"[6]

---

[3] Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

[4] Id. at 225 n.1 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

[5] Id. at 225 (footnote omitted).

[6] Id. (quoting Celotex, 477 U.S. at 322).

3

This court reviews de novo a trial court's order granting a party's motion for summary judgment.[7] "Summary judgment should be upheld if the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[8]

"'The elements of negligence are duty, breach, causation, and injury.'"[9] Duty is a question of law for the court to decide.[10] An "'actor ordinarily has a duty to exercise reasonable care when the actor's conduct creates a risk of physical harm.'"[11]

To determine whether a duty is owed to a plaintiff, a court must:

> not only decide who owes the duty, but also to whom the duty is owed, and what is the nature of the duty owed. The answer to the second question defines the class protected by the duty and the answer to the third question defines the standard of care.[12]

---

[7] Sheikh v. Choe, 156 Wn.2d 441, 447, 128 P.3d 574 (2006) (quoting Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002)).

[8] Hutchins v. 1001 Fourth Ave. Assocs., 116 Wn.2d 217, 220, 802 P.2d 1360 (1991).

[9] Xiao Ping Chen, 153 Wn. App. at 899 (quoting Keller, 146 Wn.2d at 242).

[10] Michaels, 171 Wn.2d at 597.

[11] Id. at 608 (quoting RESTATEMENT (THIRD) OF TORTS: Liability for Physical and Emotional Harm § 7(a) (2010)).

[12] Keller, 146 Wn.2d at 243 (citing Wick v. Clark County, 86 Wn. App. 376, 385-86, 936 P.2d 1201 (1997) (Morgan, J., concurring)).

4

"When a duty is found to exist from the defendant to the plaintiff then concepts of foreseeability serve to define the scope of the duty owed."[13]

Here, as the supreme court's opinion in Schooley v. Pinch's Deli Market, Inc. makes clear, the threshold question is whether Grubb & Ellis owed a duty to Leonard.[14] In its motion for summary judgment, Grubb & Ellis argued that it "does not have a duty to provide a steady flow of electricity to the Microsoft Campus, or to prevent power fluctuations and/or power surges which originate from PSE."[15] Based on this assertion, the burden then shifted to Leonard to demonstrate that Grubb & Ellis did owe him a duty, and what that duty was.[16] He failed to do so.

Leonard argues that "Grubb & Ellis clearly owed [him] a duty . . . ."[17] But, nowhere in his briefing either here or before the trial court does he clarify what duty he asserts is so "clear." Likewise, he fails to cite pertinent authority to show the existence of any duty. Accordingly, the trial court properly dismissed Leonard's negligence claim.[18]

---

[13] Schooley v. Pinch's Deli Mkt., Inc., 134 Wn.2d 468, 475, 951 P.2d 749 (1998).

[14] Id. at 474-75.

[15] Clerk's Papers at 7.

[16] Young, 112 Wn.2d at 225.

[17] Clerk's Papers at 138.

[18] See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (explaining that a court need not consider arguments unsupported by authority).

Instead, of demonstrating a duty owed by Grubb & Ellis, Leonard appears to argue that if he is able to demonstrate that he was a foreseeable plaintiff then a duty is implied. That is not the law under Schooley and other cases.

Leonard states, both in his opening and reply brief that "[i]n deciding whether a duty was owed, foreseeability of the risk created by the defendant is determined."[19] He relies on Higgins v. Intex Recreation Corp.[20] There, Division Three of this court stated that "'[w]hether the defendant owed the plaintiff a duty . . . turns on the foreseeability of the injury . . . .'"[21] But, in Higgins, the court was analyzing a case involving the duty owed by a reasonably prudent person, not an **unrecognized** duty that might be owed by a party.[22] Here, Leonard is attempting to show a duty not previously recognized. In cases such as this, foreseeability serves to define the scope of the duty owed.[23] As our supreme court has often noted, "'[w]hen a duty is found to exist from the defendant to the plaintiff **then** concepts of foreseeability serve to define the scope of the duty owed.'"[24] Thus, whether it was foreseeable that a Microsoft employee might be injured as a result

---

[19] Brief of Appellant at 10; Reply Brief of Appellant at 11 (citing Higgins v. Intex Recreation Corp., 123 Wn. App. 821, 837, 99 P.3d 421 (2004) (quoting Rasmussen v. Bendotti, 107 Wn. App. 947, 956, 29 P.3d 56 (2001))).

[20] 123 Wn. App. 821, 99 P.3d 421 (2004).

[21] Id. at 837 (some alterations in original) (quoting Rasmussen, 107 Wn. App. at 956).

[22] Id. (emphasis added).

[23] Michaels, 171 Wn.2d at 608 (quoting Schooley, 134 Wn.2d at 475).

[24] Id. (alternations in original) (emphasis added).

of power fluctuations is not the preliminary question. Rather, the question is whether Grubb & Ellis owed a duty to maintain electrical power to the Microsoft campus in a particular way. Leonard does not present argument or citation to authority to show such a duty.

Leonard argues that Grubb & Ellis failed to address the breach of its duty to him and how this breach proximately caused his injuries. In so arguing, he relies on Wells v. City of Vancouver.[25] There, the supreme court held that judgment against the city was proper where its airport hangar was not constructed to withstand wind speeds that were generally required for buildings in the area.[26] But, in Wells, before proceeding to other analysis, the court first noted that the "defendant, as a property owner, owed the plaintiff, as an invitee, the duty of exercising ordinary care."[27] Here, Leonard disclaims any premises liability claims. Nor is he able to articulate a *duty* that Grubb & Ellis might have owed him. Thus, Wells is unhelpful.

Leonard did note that Grubb & Ellis admitted that it is "fully responsible . . . for electrical and related services of all Microsoft's facilities in Puget Sound."[28] But Leonard fails to explain how this "responsibility" creates a duty to Microsoft employees. Such an argument could be interpreted as one alleging that Leonard is a third-party beneficiary of the contract between Microsoft and Grubb & Ellis.

---

[25] 77 Wn.2d 800, 467 P.2d 292 (1970).

[26] Id. at 804-05.

[27] Id. at 803.

[28] Clerk's Papers at 138.

But Leonard specifically disclaimed any third party beneficiary claim in his briefing. Thus, we need not address this point any further.

Leonard also contends that Grubb & Ellis did not meet the standard of care required of it as a property manager.[29] But this argument addresses only Grubb & Ellis's potential breach. Because Leonard cannot demonstrate it owed him a duty, any breach is immaterial for summary judgment purposes.

Finally, Leonard contends that Grubb & Ellis failed to dispute his assertion that he suffered harm as a proximate cause of its breach. While this is true, it is also immaterial for summary judgment purposes.

## CROSS-MOTIONS FOR SANCTIONS

Each party has moved for sanctions against the other based on matters arising from Grubb & Ellis having filed a Chapter 11 petition for relief in New York under the Bankruptcy Code. We deny Leonard's motion and impose sanctions for a frivolous motion against him in favor of Grubb & Ellis.

CR 11 serves as a basis for both motions. That rule requires attorneys to date and sign all pleadings, motions and legal memoranda, thus certifying that:

> to the best of the . . . attorney's knowledge, information, and belief, formed after reasonable inquiry it [the pleading, motion or memoranda] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

---

[29] Brief of Appellant at 10 (quoting Ulve v. City of Raymond, 51 Wn.2d 241, 245, 317 P.2d 908 (1957)).

8

"The purpose behind CR 11 is to deter *baseless* filings and to curb abuses of the judicial system."[30]

A filing is "baseless" when "it is '(a) not well grounded in fact, or (b) not warranted by (i) existing law or (ii) a good faith argument for the alteration of existing law.'"[31]

> If a complaint lacks a factual or legal basis, the court cannot impose CR 11 sanctions unless it also finds that the attorney who signed and filed the complaint failed to conduct a *reasonable inquiry* into the factual and legal basis of the claim.[32]

"The burden is on the movant to justify the request for sanctions."[33] CR 11 permits a court to award sanctions, including reasonable expenses and attorney fees incurred because of the filing of a frivolous lawsuit.

Under RAP 18.9, this court may sanction a party for a frivolous motion, whether or not such a motion also violates CR 11.

Here, while this case was pending on appeal, Grubb & Ellis filed its petition for relief in New York under Chapter 11 of the Bankruptcy Code. In March 2012, this court directed the parties to inform it "regarding the impact, if any of the notice of bankruptcy filing" of Grubb & Ellis.

---

[30] Bryant v. Joseph Tree, Inc., 119 Wn.2d 210, 219, 829 P.2d 1099 (1992) (some emphasis in original).

[31] West v. Wash. Ass'n of County Officials, 162 Wn. App. 120, 135, 252 P.3d 406 (2011) (quoting MacDonald v. Korum Ford, 80 Wn. App. 877, 883-84, 912 P.2d 1052 (1996)).

[32] Bryant, 119 Wn.2d at 220 (some emphasis added).

[33] Biggs v. Vail, 124 Wn.2d 193, 202, 876 P.2d 448 (1994).

Each party did so by April 2012. Specifically, Grubb & Ellis advised that an automatic stay was in place, pursuant to 11 U.S.C. § 362(a) and that no exception to that stay applied. Leonard disagreed, claiming an exception to the automatic stay applied because liability insurance existed for his asserted claim. Implicit in this position was Leonard's assumption that this appeal could proceed against Grubb & Ellis, notwithstanding the statutory automatic stay against "all actions or proceedings" against the debtor, Grubb & Ellis, in bankruptcy. This court disagreed with Leonard's argument and stayed the appeal, subject to Leonard obtaining an order modifying the stay from the bankruptcy court in New York.

Following this court's stay of this appeal, New York bankruptcy counsel for Grubb & Ellis filed pleadings in that bankruptcy court indicating that the debtor had "been negotiating stipulations which will permit claimants to proceed with the claims solely to the extent of available insurance and waive any claims against [Grubb & Ellis]." Thereafter, it appears Leonard entered into such a stipulation through separate New York bankruptcy counsel with Grubb & Ellis's own New York bankruptcy counsel.

Leonard then moved for CR 11 sanctions in this court against Grubb & Ellis. His argument appears to be that the March 2012 letter to this court violates the rule. Specifically, Leonard claims reasonable inquiry in March 2012 would have revealed to Grubb & Ellis's Washington attorneys that stipulations were being entered into between Grubb & Ellis and its other creditors. According to this line of argument, Grubb & Ellis's Washington attorneys had a duty to

10

determine this information and disclose it to Leonard so that he could pursue available insurance proceeds. This argument does not support the imposition of CR 11 sanctions.

First, the March 2012 letter from Grubb & Ellis's counsel to this court as to the effect of the automatic stay was not improper. The letter stated that "[n]o exception to the automatic stay applies in this matter." It also noted that "[a]ny action taken by the Court when the bankruptcy stay is in place is considered a void action." These are factually and legally correct statements. As mandated by 11 U.S.C. § 362(a) of the Bankruptcy Code, this proceeding was automatically stayed when Grubb & Ellis filed its petition in New York.

Moreover, under controlling federal bankruptcy law, the only court authorized to provide relief from the stay was the bankruptcy court in New York. There was simply no authority to allow this appeal to proceed while the bankruptcy stay was in effect. This court's lack of authority in the face of a federal bankruptcy stay is so regardless of whether insurance proceeds to satisfy the claim existed. Thus, Leonard's arguments simply do not support a claim for CR 11 sanctions.

Second, Leonard appears to argue that statements contained in the March 2012 letter were baseless because Grubb & Ellis was negotiating stipulations with other creditors to allow litigation to proceed. The problem with this argument is that it fails to explain how Grubb & Ellis's negotiation of stipulations to allow other creditors to pursue insurance proceeds affected counsel's letter to this court in March 2012. Even if Grubb & Ellis's bankruptcy counsel negotiated other

11

stipulations in March 2012, Leonard's argument that local counsel had a duty to discover and disclose this information to him is truly remarkable! Such an argument necessarily rests on the dubious assumption that local counsel was required to violate his ethical obligations to the bankruptcy debtor client. Leonard has not and could not cite any case that supports such an argument.

In any event, it is undisputed that the only court authorized to approve any stipulation to lift the stay was the New York bankruptcy court. In short, Leonard utterly fails to demonstrate any CR 11 violation by Grubb & Ellis.

We turn to the related question of whether sanctions for bringing the motion are appropriate, as Grubb & Ellis requests. We hold that they are.

RAP 18.9(a) allows an appellate court to order a party who files a frivolous motion to pay terms to another party. "An appeal or motion is frivolous if there are 'no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility' of success."[34]

Here, as noted above, Leonard has not and could not cite any case that supports his CR 11 argument. Because Leonard presented no debatable point of law, his motion is frivolous and we grant Grubb & Ellis's motion for fees incurred addressing it.

The parties have submitted written support for their respective requests for attorney fees and costs for sanctions. Based on these submissions, we impose

---

[34] In re Recall Charges Against Feetham, 149 Wn.2d 860, 872, 72 P.3d 741 (2003) (quoting Millers Cas. Ins. v. Briggs, 100 Wn.2d 9, 15, 665 P.2d 887 (1983)).

the sum of $1,200 as reasonable attorney fees for Grubb & Ellis to respond to the frivolous motion of Leonard in this court.

The award of costs shall be determined in accordance with RAP 14.1 et seq.

We affirm the summary judgment order, deny Leonard's request for sanctions, and impose sanctions against Leonard for his frivolous motion for sanctions.

_Cox, J._

WE CONCUR: