# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LALANI RENEE SHELTON, | No. 54203-0-II |
| Respondent, | |
| v. | |
| GARY LEE MYERS, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Gary Myers appeals a superior court order denying his motion to revise a domestic violence protection order (DVPO) entered by a superior court commissioner protecting Lalani Shelton from Myers. Myers raises numerous issues on appeal, many of which we decline to review because he fails to preserve the issues for appeal or support his arguments with authority or citation to the record on appeal. The remaining issues can be distilled down to the question of whether substantial evidence supports the court's findings of fact and whether those findings of fact support the court's conclusions of law. We hold that they do and affirm the court's order denying Myers's motion to revise the commissioner's DVPO. We also award Shelton attorney fees.

## FACTS

Shelton and Myers were in a relationship and lived together. On October 29, 2019, Shelton asked Myers to pick her up while her truck was getting repaired. On their drive home Myers became irritated with Shelton. When the pair arrived at their home, they remained in Myers's car. Myers expressed frustration with Shelton for spending money on her truck and

talking to her friend. According to Shelton, Myers "lost it," grabbed Shelton's briefcase, purse, and coffee cup and flung them out of the car and into the street. Report of Proceedings (RP) (Dec. 4, 2019) at 14. Myers got out of the car and started profanely screaming at Shelton from the street. Shelton froze, looked down, and attempted to "be small," while hoping he would calm down. RP (Dec. 4, 2019) at 15. Myers opened Shelton's car door, reached across her to remove her seatbelt, and drug her out of the car by her arm. Myers shoved Shelton toward their yard then drove away, leaving Shelton lying on the side of the road. Shelton developed bruises on her arm and leg following the incident. According to Shelton, during their relationship, Myers became increasingly abusive and was easily agitated. Shelton expressed fear of Myers's inability to manage his anger.

Myers claims that he asked Shelton six times to get out of his car, but she refused. He acknowledged that he used profanity to persuade her to get out of the car, but he also said, "[P]lease." RP (Dec. 4, 2019) at 26. Eventually Myers pulled Shelton out of the car, but he claims "[s]he wasn't drug out. There was no resistance." RP (Dec. 4, 2019) at 33.

Shelton filed a petition for a DVPO. She claimed that she was a victim of domestic violence committed by Myers.

On December 4, 2019, a superior court commissioner granted the petition. The commissioner found that Myers and Shelton were intimate partners and Myers "represents a credible threat to the physical safety of [Shelton]." Order for Protection, *Shelton v. Myers*, No. 19-2-30827-1, at 1 (Thurston Cnty. Superior Ct. Dec. 4, 2019). The commissioner concluded that Myers should be restrained from "committing acts of abuse" and from having contact with

No. 54203-0-II

Shelton. Order for Protection, at 1. The court did not enter written findings of fact and conclusions of law separate from those in the DVPO.

Myers filed a motion for reconsideration to revise the commissioner's ruling. On January 3, 2020, the superior court denied Myers's motion. During its oral ruling, the superior court found that "there was more than a sufficient basis in the record in front of the commissioner to enter the protection order." RP (Jan. 3, 2020) at 17.

Shelton filed a motion to modify the DVPO. On January 10, 2020, the commissioner modified the DVPO, to allow Myers to contact Shelton's attorney "in her other case . . . to address concerns about the house and the joint business." Order Modifying/Terminating Order for Protection, *Shelton v. Myers*, No. 19-2-30827-1, at 1 (Thurston Cnty. Superior Ct. Jan. 10, 2020). The commissioner further clarified that "[t]he parties may have contact through an arbitrator or mediator for purposes of resolving issues with the real property." Order Modifying, at 1-2. Myers appeals the protection order and the order denying revision of the protection order.

ANALYSIS

Myers raises several issues on appeal. He appears to argue that his contact with Shelton was lawful; the superior court used the wrong standard relating to the risk of domestic violence; the court conflated the commissioner's foundation; the court violated due process by misrepresenting testimony, making credibility determinations, and relying on a sprawling record; the court violated equal protection by restricting Myers's right to finish building a residence he co-owns with Shelton; the court failed to serve Myers with an ex parte transcript; the legislature does not provide materials and resources equally to parties involved in domestic violence

3

matters; the court failed to clarify the burden of proof for renewing a DVPO when it expires, and the court abused its discretion in modifying the protection order on January 10, 2020.

Myers fails to provide this court with legal authority to support several of his arguments contrary to RAP 10.3(a)(6). Also, contrary to RAP 10.3(a)(5), he fails to provide citation to the record for each of his factual statements. Lastly, he raises issues not addressed below, or not ripe for review, as required under RAP 2.5(a). These types of flaws generally preclude review. Nevertheless, to the extent the briefing and record allow, we exercise our discretion under RAP 1.2(a) and address Myers's pivotal issue, which is whether the superior court erred in denying his motion for revision. We also address his argument regarding the January 10, 2020 order modifying the DVPO. We conclude the court did not err.

## I.  REVISION ORDER

A.     *Standard of Review*

A court commissioner's decision is subject to revision by the superior court. RCW 2.24.050. If the superior court denies the motion to revise, the superior court has then adopted the commissioner's findings of fact and conclusions of law as its own. *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017).

We review the findings of fact for substantial evidence. *In re Marriage of Fahey*, 164 Wn. App. 42, 55, 262 P.3d 128 (2011). Substantial evidence exists if the record contains sufficient evidence to persuade a fair-minded, rational person of the finding's truth. *Id*. at 55. We next review whether the findings of fact support the conclusions of law. *In re Marriage of Raskob*, 183 Wn. App. 503, 510, 334 P.3d 30 (2014). It is the trial court's role to weigh the evidence and assess witness credibility. *In re the Matter of Knight*, 178 Wn. App. 929, 937, 317

P.3d 1068 (2014). Generally, we will not disturb factual determinations on appeal. *In re T.W.J.*, 193 Wn. App. 1, 8, 367 P.3d 607 (2016).

On appeal, we review the superior court's ruling, not the commissioner's order. *Knight*, 178 Wn. App. at 936. We review a decision to grant or deny a protective order for an abuse of discretion. *Rodriguez v. Zavala*, 188 Wn.2d 586, 590-91, 398 P.3d 1071 (2017). Similarly, we review the modification of an order of protection for an abuse of discretion. *In re the Marriage of Freeman*, 169 Wn.2d 664, 671, 239 P.3d 557 (2010). A trial court abuses its discretion where its decision is manifestly unreasonable, or its discretion is exercised on untenable grounds or for untenable reasons. *T.W.J.*, 193 Wn. App. at 6. "On review, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the prevailing party." *Yorkston v. Whatcom Cnty.*, 11 Wn. App. 2d 815, 831, 461 P.3d 392, *review denied*, 195 Wn.2d 1020 (2020).

B.    *Legal Principles*

The Washington Domestic Violence Protection Act (DVPA), chapter 26.50 RCW, provides that "[a]ny person may seek relief under this chapter by filing a petition with a court alleging that the person has been the victim of domestic violence committed by the respondent." RCW 26.50.020(1)(a).

The petition for relief must allege the existence of domestic violence and must be accompanied by an affidavit made under oath stating the specific facts and circumstances from which relief is sought. RCW 26.50.030(1). The DVPA defines "domestic violence" as "[p]hysical harm, bodily injury, assault, . . . or the infliction of fear of imminent physical harm,

bodily injury or assault . . . [between] family or household member[s]." RCW 26.50.010(3)(a), (b).

Upon notice and after a hearing, RCW 26.50.060 authorizes the superior court to grant or deny a DVPO. *Aiken v. Aiken*, 187 Wn.2d 491, 498, 387 P.3d 680 (2017). In granting the order, the court may "exclud[e] the respondent from a dwelling, prohibit[] the respondent from coming within a certain distance from the petitioner, . . . restrain[] the respondent from having any contact with the petitioner, . . . and grant[] other relief as appropriate." *Id*. (citing RCW 26.50.060(1)).

C.      *Findings of Fact and Conclusions of Law*

Here, Myers became irritated with Shelton while driving her home. He expressed frustration with Shelton for spending money on her truck and talking to her friend. Myers then "lost it," grabbed Shelton's briefcase, purse, and coffee cup and flung them out of the car and into the street. RP (Dec. 4, 2019) at 14. Myers got out of the car and started profanely screaming at Shelton from the street. Myers opened Shelton's car door, reached across her to remove her seatbelt, and dragged her out of the car by her arm. Myers shoved Shelton towards their yard then drove away, leaving Shelton lying on the side of the road. Shelton developed bruises on her arm and leg following the incident. According to Shelton, during their relationship, Myers became increasingly abusive and was easily agitated. Shelton expressed fear of Myers's inability to manage his anger.

These facts provide substantial evidence to support the superior court's adopted finding that Myers "represents a credible threat to the physical safety of [Shelton]." Order for Protection, at 1. While Myers argues that the situation was Shelton's fault, we leave credibility

determination to the trier of fact. *Knight*, 178 Wn. App. at 937. This finding supports the superior court's adopted conclusion that Myers should be restrained from "committing acts of abuse" and from having contact with Shelton. Order for Protection, at 1. Accordingly, the superior court did not err in finding the DVPO was properly granted and denying Myers's motion for revision.

D.      *January 10, 2020 Modification*

Next, Myers appears to argue that the January 10, 2020 modification order added a no-contact provision that was unwarranted. As set forth above, in granting a DVPO, the court may prohibit a party from having any contact with the other party. *Aiken*, 187 Wn.2d at 498 (citing RCW 26.50.060(1)). The commissioner ordered no contact in the original DVPO and in the January 10, 2020 modification order. The modification order clarified that Myers was permitted to contact Shelton's attorney and work with a mediator or arbitrator to resolve the issues involving the parties' joint business and home. Myers fails to demonstrate how this is an abuse of discretion. Thus, we decline to address this issue further.

## II. ATTORNEY FEES ON APPEAL

Shelton seeks attorney fees on appeal under the DVPA's attorney fees provision, RCW 26.50.060(1)(g), and under RAP 18.9(a). RCW 26.50.060(1)(g) authorizes the court to order "the respondent to . . . reimburse the petitioner for costs incurred in bringing the action, including reasonable attorneys' fees." *See Aiken*, 187 Wn.2d at 506. And RAP 18.9(a) permits attorney fees for having to defend against a frivolous appeal. An appeal is frivolous if there are no debatable issues on which reasonable minds can differ and is so totally devoid of merit that there was no reasonable possibility of reversal. *In re Recall Charges Against Feetham*, 149 Wn.2d

No. 54203-0-II

860, 872, 72 P.3d 741 (2003).  We decline to grant attorney fees under RAP 18.9(a), but grant

Shelton's request based on RCW 26.50.060(1)(g), conditioned on her compliance with RAP

18.1.

We affirm the protection order and the order denying revision of the protection order, and

we award Shelton attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, C.J.

_____
Veljacic, J

8