**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, | No. 58849-8-II |
| Respondent, | |
| v. | |
| ALVIN B. WHITE, in his individual capacity and as Trustee for the White Revocable Living Trust dated January 6, 2010; COLUMBIA STATE BANK successor-in-interest to AMERICAL MARINE BANK, a corporation; NORTHWEST BANK successor-in-interest to REGAL FINANCIAL BANK, a corporation; EXCELSIOR MORTGAGE EQUITY FUND II, LLC, an Oregon limited liability company; MICHAEL SODERSTROM, an individual; and DOES 1 through 20, inclusive, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — Alvin White appeals the trial court's orders granting U.S. Bank National Association's (U.S. Bank) motion for summary judgment, denying his cross-motion for summary judgment, and denying his motion for reconsideration. He argues that the court erred in granting summary judgment because it "refused to conduct a proper judicial inquiry" for all of his pleadings filed below. Br. of Appellant at 6. Because White's arguments either fail or are abandoned due to inadequate briefing, we affirm.

## FACTS[1]

On November 16, 2005, Alvin White obtained a loan from CTX Mortgage Company, LLC (CTX), secured by a promissory note (Note), for $898,000. A deed of trust was executed, establishing an encumbrance on White's property. The deed of trust labeled First American Title Insurance as the trustee, CTX as the lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary.

On January 19, 2006, White filed a quiet title action to acquire a triangular strip of land adjoining his lot in Kitsap County. According to White, "the common line to [White's] property and the adjoining property" mistakenly or inadvertently omitted the area of dispute when it was defined around 1910. Clerk's Papers (CP) at 61. The court quieted title for the triangular strip to White, rendering the original legal description in the deed of trust inaccurate.

Eventually, the beneficial interest under the deed of trust was transferred and assigned to U.S. Bank Trust, as trustee for LSF9 Master Participation Trust (LSF9). In 2018, LSF9 filed a complaint against White seeking declaratory relief and reformation of the deed of trust based on the fact that the legal description of White's property had changed.[2] On October 21, 2021, LSF9 transferred and assigned the beneficial interest under the deed of trust to U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust (U.S. Bank), the respondent in this appeal. After this occurred, U.S. Bank moved to substitute for LSF9 in the pending action, which was subsequently granted.

---

[1] Because we decline to address the merits for a majority of the case, we are providing only a summary of the underlying facts.

[2] LSF9 also filed the action against Columbia State Bank, American Marine Bank, Northwest Bank, Regal Financial Bank, Excelsior Mortgage Equity Fund II, LLC, and Michael Soderstrom, which all apparently had or may have claimed an interest in the property.

On June 7, 2023, U.S. Bank filed a motion for summary judgment. White filed a cross-motion for summary judgment on July 28, 2023.

At the hearing on the motions for summary judgment, U.S. Bank referenced the fact that White quieted title to his property, resulting in the legal description of the property being different than the original description listed in the deed of trust held by U.S. Bank. And U.S. Bank emphasized that White pursued the quiet title action on the basis of a scrivener's error. U.S. Bank also presented the Note with the wet signature to the court. After inspecting the Note, the court determined it was authentic. Ultimately, the court granted U.S. Bank's motion for summary judgment and denied White's cross-motion for summary judgment. White moved for reconsideration, which was denied.

White appeals.

## ANALYSIS

I.   WHITE'S ARGUMENTS EITHER FAIL OR ARE ABANDONED DUE TO INADEQUATE BRIEFING

White argues that the court "refused to conduct a proper judicial inquiry" with respect to his cross-motion for summary judgment, opposition to U.S. Bank's motion for summary judgment, objection to the court "adjudicating [the] [c]ase," motion for reconsideration, and evidentiary objections. Br. of Appellant at 7. White's arguments either fail or are abandoned due to inadequate briefing.[3]

---

[3] Specifically, some of White's arguments are abandoned due to insufficient briefing because he failed to comply with RAP 10.3, 10.4, and 18.17.

Generally, appellate courts "decide a case only on the basis of issues set forth by the parties in their briefs." RAP 12.1. The Rules of Appellate Procedure[4] govern briefs filed in this court, and they dictate requirements regarding the contents and length of a party's submission. RAP 10.3 (explaining the contents required in a brief); RAP 10.4 (explaining that the format and length of a brief shall comply with RAP 18.17); RAP 18.17(c) (explaining that an appellant's brief should be no more than 12,000 words unless the party receives authorization from the court). With respect to the "statement of the case" in an opening brief, a party must contain a "fair statement of the facts and procedure relevant to the issues presented for review, *without argument*." RAP 10.3(a)(5) (emphasis added). And in the "argument" section of an opening brief, a party needs to include "citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6).

Assignments of error in an opening brief that are unsupported by sufficient argument and citation to authority will not be considered by an appellate court. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); *State v. Hoffman*, 116 Wn.2d 51, 71, 804 P.2d 577 (1991). This is based on the understanding that "[p]assing treatment of an issue or a lack of reasoned argument is insufficient to merit judicial consideration." *Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998). Critically, "[a] party may not incorporate, by reference," pleadings filed below into appellate briefs. *Mine Holding Tr. v. Pavlish*, 32 Wn. App. 2d 727, 739, 559 P.3d 517 (2024). Issues that rely on "incorporated arguments by reference" in place of adequate, reasoned arguments are deemed abandoned. *Id.* at 740. It is only appropriate to reference pleadings below when notifying an appellate court that the

---

[4] RAP 10.3 uses the word "should" instead of "must," suggesting that a party does not have to comply with the rules. *See*, *e.g.*, RAP 10.3(a)(5) ("The brief of the appellant . . . *should* contain" a "[f]air statement of the facts and procedure relevant to the issues presented for review, without argument." (Emphasis added.)). As demonstrated below, however, courts treat these rules as mandatory.

party "raised the question before the trial court." *Id.*        The justifications for prohibiting incorporation by reference are twofold. First, enabling this behavior would render "the Rules of Appellate Procedure . . . *meaningless*." *State v. Kalakosky*, 121 Wn.2d 525, 540 n.18, 852 P.2d 1064 (1993) (emphasis added). Second, it would also undercut the "primary purpose of the rules:" affording "fairness and notice of the scope of review to the court and all litigants." *Id.* To that end, this conduct would negatively affect judicial economy because an "appellate court[] would have to search trial court records and clerk's papers and address all issues raised below." *Id.*

Even though this may be a harsh result for a party, courts have consistently applied the Rules of Appellate Procedure in similar scenarios. *See*, *e.g.*, *Holland*, 90 Wn. App. at 537-38 (concluding the appellant abandoned "several assignments of error for which he . . . included no argument in his appellate brief"); *US W. Commc'ns, Inc. v. Wash. Utils. & Transp. Comm'n*, 134 Wn.2d 74, 112, 949 P.2d 1337 (1997) (denying a party's efforts to "incorporate by reference part of its trial brief," because "it would allow [it] to violate the page limitations for briefing"); *Edwards v. Le Duc*, 157 Wn. App. 455, 459 n.5, 238 P.3d 1187 (2010) (denying review of an argument that was presented before the commissioner, but not included in their brief).

Here, White's only assignment of error pertains to the court's alleged refusal to "conduct a proper judicial inquiry" regarding his submissions below. Br. of Appellant at 6. At the outset, White fails to comply with RAP 10.3(a)(5) when structuring his statement of the case in the opening brief. Rather than explaining the proceedings below, White intermingles the facts with numerous assertions, which appear to comprise his argument. Moreover, the "statement of the case" includes extraneous facts without explanation in the argument as to how they are relevant to the assignment of error.

More importantly, however, White fails to provide substantive argument throughout his entire opening brief. Again, White makes numerous assertions throughout his brief. And in all instances, White either cites to no authority, provides *little* authority, or "incorporates [his] arguments [from pleadings filed below] herein." Br. of Appellant at 47-51, 61, 64-65, 67.

There are only two assertions that White supports with some authority, rather than impermissibly incorporating by reference arguments from his trial court briefing.[5] First, White asserts that U.S. Bank does not have the ability to reform the deed of trust under our Supreme Court's decision in *Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wn.2d 83, 285 P.3d 34 (2012). *See* Br. of Appellant at 36 (arguing that *Bain* stands for the proposition that the "holder of [a] deed of trust is not a beneficiary").

White's briefing regarding U.S. Bank's authority to reform the deed of trust lacks sufficient, reasoned argument supported by applicable authority. Even so, *Bain* does not support White's position. 175 Wn.2d at 110 (concluding MERS was not a "beneficiary within the terms of the Washington Deed of Trust Act," because MERS "never held the promissory note or other debt instrument secured by the deed of trust") (internal quotation marks omitted); *see* RCW 61.24.030(7)(a) (explaining that "[a] declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the holder of any promissory note or other obligation secured by the deed of trust shall be sufficient proof" for a trustee's sale). *Bain* does not stand for the proposition that all beneficiaries cannot be note holders. 175 Wn.2d at 110.

---

[5] In the few instances White provides authority, he either provides internal references, which are vague and of no help, cites to large portions of the RCW without further explanation, or cites to *Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wn.2d 83, 285 P.3d 34 (2012). As we address below, we do not agree with White's reading of *Bain*.

Moreover, here, U.S. Bank demonstrated that it was in possession of the Note secured by the deed of trust, which was authenticated by the court. White then contends that the trial court could not authenticate the note. But White fails to provide reasoned argument or authority in his brief demonstrating that a court does not have the authority to authenticate a promissory note. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."); *Cowiche Canyon Conservancy*, 118 Wn.2d at 809. Nor does he present contrary evidence, rather than mere assertions, sufficient to establish a genuine issue of material fact as to the authenticity of the note. White's arguments[6] relying on *Bain* fail.

Second, White, relying on RCW 62A.3-203(d), claims that MERS, the original beneficiary listed in the deed of trust, lacked the capacity to transfer a partial interest in the Note. Again, this argument is supported by insufficient briefing because White does not explain how RCW 62A.3-203(d) is applicable to this case, nor does he provide authority and reasoned analysis supporting his assertion. While White does provide more explanation on this issue in his reply brief, that comes too late to warrant review. Failure to provide sufficient argument in an opening brief waives

---

[6] The related arguments include, but are not limited to: (1) Both LSF9 and U.S. Bank "failed to demonstrate that it had standing or possessed the original paper Note signed by White in wet ink." Br. of Appellant at 21; (2) The assignment of the deed of trust "could not create or assign any right the Lender, i.e. CTX MORTGAGE COMPANY, LLC, may have once had to transfer the Note except to a *Note Holder* within the meaning of the Note agreement and applicable statutory law." Br. of Appellant at 26-27. Consequently, U.S. Bank cannot demonstrate "its chain of title status as a successor to the Lender in the manner required by *Bain v. Metropolitan. Mortg. Group, Inc.*, [175 Wn.2d 83] (2012)." Br. of Appellant at 48; (3) "MERS *as the holder of the [deed of trust]* has no right to transfer any beneficial interest in the Note or payment obligations under the Note because RCW 62A.3-203(d) prevents partial interest in the Note from being enforceable through the deed of trust. Furthermore, it is White's position that unless MERS demonstrates an agency relationship with CTX Mortgage it has no right to assign any of CTX Mortgage's interest in the promissory note." Br. of Appellant at 35-36.

the issue. *See Cowiche Canyon Conservancy*, 118 Wn.2d at 809; RAP 10.3(a), (c). Therefore, this argument fails.

The remainder of White's assertions include no citation to authority or he supports them by incorporating his pleadings filed below.[7] In his argument section, White cites to authority regarding the applicable standards of review, but the remainder of the section consists of bald assertions.

This case is unique compared to other instances where courts have declined review on some issues pursuant to RAP 10.3(a)(6) but nevertheless addressed the merits for the majority of the remaining arguments. *See, e.g.*, *Holland*, 90 Wn. App. at 537-38; *US West Commc'ns, Inc.*, 134 Wn.2d at 111-13; *Edwards*, 157 Wn. App. at 459 n.5. Due to the breadth of White's inadequate briefing here, our declination is warranted. *See Holland*, 90 Wn. App. at 537-38. To be clear, it is apparent that White is not referencing relevant parts of the record as required by RAP 10.3(a)(6); instead, he is incorporating the pleadings below in substitution of a fleshed-out argument in his opening brief. *Contra Mines Holding Tr.*, 32 Wn. App. 2d at 741 (concluding that the appellant provided sufficient briefing for the respondent to respond even though they incorporated arguments by reference to pleadings filed below). And unlike *Mines Holding Trust* where the party "likely would not have exceeded the [word] limitation" by inserting the portions of their pleadings filed below, *Id.*, it is apparent that White incorporated his arguments *to* avoid the word-length requirements dictated by RAP 18.17(c)(2). White's opening brief was 11,778 words, only

---

[7] These arguments include, but are not limited to: (1) "BANA's purported assignment of the [deed of trust] to the First Plaintiff could not transfer to the First Plaintiff any more interest in the 2005 Note than was transferred to it by MERS," Br. of Appellant at 37; (2) U.S. Bank's action to reform the deed of trust to reflect the new legal description of White's property was brought after the statute of limitations had run; and (3) The court erred by declining to "afford White discovery pursuant to CR 56(f)," Br. of Appellant at 51; (4) the court demonstrated "constitutionally intolerable bias in favor of" LSF9 and U.S. Bank, Br. of Appellant at 42.

222 words shy of the limit. Because of this, there is no plausible way one could include the contents of five pleadings[8] in the opening brief and still meet the word-length requirement. White, in fact, struggled to meet this requirement with his first attempt at filing his opening brief because it was denied for that very reason.[9]

Therefore, White's arguments either fail or are abandoned due to inadequate briefing.

II.    ATTORNEY FEES ON APPEAL

U.S. Bank requests attorney fees on appeal pursuant to RAP 18.1 on the basis that White's appeal is frivolous. Because U.S. Bank does not provide authority outside of RAP 18.1 to award attorney fees, we decline its request.

Under RAP 18.1(a), a court may award attorney fees on appeal "[i]f applicable law grants to a party the right to recover," and they dedicate a section of their brief to the request. And, separately, under RAP 18.9(a), a court "on its own initiative or on motion of a party may order" sanctions if a "party or counsel . . . files a frivolous appeal."

Here, U.S. Bank does not provide any independent statutory authority that allows for recovery of attorney fees under RAP 18.1. Instead, in what may be support for fees under RAP 18.9(a), it relies on *In re Recall of City of Concrete Mayor Robin Feetham*, 149 Wn.2d 860, 72 P.3d 741 (2003), to support that White's appeal is frivolous. But U.S. Bank did not explicitly request sanctions under RAP 18.9(a). Because it did not request sanctions under RAP 18.9(a), and provided no basis for an award under RAP 18.1(a), we decline to award attorney fees.

CONCLUSION

---

[8] White's cross-motion for summary judgment, opposition to U.S. Bank's motion for summary judgment, objection to the court "adjudicating [the] case," motion for reconsideration, and evidentiary objections. Br. of Appellant at 7.

[9] White's first (rejected) brief was 15,252 words in length.

58849-8-II

Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Maxa, J.

Glasgow, J.

10