[Nos. 13653-1-III; 13753-8-III; Division Three. January 7, 1997.]
13907-7-III; 13937-9-III.

KEVIN DELANY, ET AL., *Respondents*, v. JAMES
CANNING, ET AL., *Appellants*.

*Michael F. Keyes,* for appellants.

*Mark R. Iverson* and *Avelin P. Tacon III* and *Connolly, Holm, Tacon & Meserve,* for respondents.

THOMPSON, J. — James Canning and Karen Stevenson appeal several orders and judgments in this action arising from a series of real estate development enterprises in which Mr. Canning was the primary player.[1] Their contentions on appeal involve the superior court's response to their admitted failure to provide adequate discovery. We affirm and award attorney fees for this frivolous appeal.

Beginning in 1978, Mr. Canning and Plaintiff Kevin Delany invested in several undeveloped parcels of land in Spokane County. Ms. Stevenson also invested in some of the properties, as did Plaintiff Bernard Krisher; Plaintiff-Intervenor Avelin P. Tacon III purchased a small interest in one of the properties. Mr. Canning managed the investments by arranging for development and paying real estate contract principal and interest, taxes and other expenses.

The parties did not enter into formal agreements regarding management of the enterprises or their individual ownership interests in the properties, many of which Mr. Canning retained in his own name. Mr. Delany, Mr. Krisher, and Mr. Tacon, all of whom lived outside the Spokane area, periodically sent money to Mr. Canning to satisfy the enterprises' obligations, and he periodically notified the others of amounts they should report on tax returns. Other than these periodic notices, Mr. Canning did not keep an organized accounting of the enterprises' finances. Mr. Canning admitted to the superior court, "The

---

[1]Our resolution of this appeal on the merits makes it unnecessary to address the respondents' various motions before this court.

books consist of correspondence between the parties which give an accounting on an ongoing basis for every item that was taken in or taken out."

Mr. Canning's failure to maintain adequate records apparently was the catalyst for this lawsuit, quickly became the focus of the parties and the court, and ultimately led to the sad conclusion we are asked to review here.

Mr. Delany and Mr. Krisher eventually retained Garman Lutz, an accountant, to attempt to reconstruct the books. In 1991, they initiated this lawsuit against Mr. Canning and Ms. Stevenson; their complaint requested an accounting, a decree quieting title in the property involved, and a judgment for amounts allegedly overpaid. Mr. Tacon, a Washington lawyer who represented himself, later joined the lawsuit as a plaintiff-intervenor, seeking relief solely against Mr. Canning. Mr. Canning, also a Washington lawyer, represented both himself and Ms. Stevenson.

Discovery proceeded haltingly. Mr. Canning issued hundreds of interrogatories, prompting an order by the superior court limiting him to 100 questions. Mr. Canning repeatedly failed to answer interrogatories submitted by the opposing parties. After several continued hearings on the opposing parties' motions to compel, Mr. Canning responded with notations in almost illegible handwriting. Mr. Canning concedes on appeal that he failed to respond "satisfactorily" or "sufficiently." Br. of Appellants, at 2, 4.

Faced with Mr. Canning's intransigence and at the request of Mr. Delany and Mr. Krisher, the court ordered an accounting based on the information available. The order, entered April 9, 1993, provided:

> **NOW, THEREFORE, IT IS ORDERED**, that Plaintiffs' interrogatories be deemed answered in the light most favorable to the plaintiffs; that the Court will appoint an accountant from a list of six, a list of three to be supplied by the defendants and a list of three by plaintiffs which accountant shall be instructed to do an accounting to be submitted to the

Court and that the costs of said accounting shall be paid for by defendants Canning and Stevenson.

Both sides' lists of acceptable accountants included the name of Pete Inman, who apparently had been associated in the past with Mr. Lutz, the previous accountant. The court expressly asked if Mr. Inman was acceptable to Mr. Canning, who replied: "That's agreeable. As noted, it's a continuing protest, but it makes sense since Lutz was the guy who was doing the work earlier." The court named Mr. Inman to perform the accounting.

Meanwhile, Mr. Tacon repeatedly asked the court to sanction Mr. Canning for failing to respond to his interrogatories. The court denied Mr. Tacon's request that Mr. Canning's answer be stricken, but entered an order on April 20, 1993, requiring:

> 2. Defendant Canning shall pay terms to plaintiff-intervenor in the amount of $750 based upon a combination of his willful failure to timely respond and failure to appropriately respond to the discovery requests after having been given ample opportunity by the Court.

> 3. Defendants shall not be permitted to file any further documents with the Court or otherwise appear before the Court until the interrogatories and requests identified in [the] March 17, 1993 letter of Mr. Tacon are fully responded to except appearances required by issues involving response to these interrogatories and requests.

> 4. The supplemental answers shall be served no later than May 19, 1993.

Mr. Canning did not object at the time to the order's reference in paragraph 3 to "defendants," which apparently barred Ms. Stevenson from further appearances, even though she had not failed to respond to Mr. Tacon's interrogatories.[2] However, Mr. Canning did raise this issue in a

---

[2]Ms. Stevenson was not an equitable or legal owner of the property at issue in Mr. Tacon's claims, and his interrogatories were directed solely to Mr. Canning. The written order's use of the plural "defendants" in paragraph 3 almost

motion for discretionary review with this court, which denied review and pointedly suggested that Ms. Stevenson move the superior court to correct its error pursuant to CR 60(a).

Ms. Stevenson did not request a correction, although Mr. Tacon offered on the record to request amendment of the April 20 order. Mr. Canning, still representing both Ms. Stevenson and himself, attended a status conference several months after the order. He failed to attend two status conferences after that, despite a letter from the court expressly ordering him to attend, and noting that failure to attend would result in sanctions. In a responsive letter in which he acknowledged the court's requirement, Mr. Canning quoted the court's April 20 order and stated: "Under the circumstances, I am unable to appear in Court. Nor can Karen Stevenson, the other defendant, or counsel for her." Mr. Canning did not appear officially, either for himself or Ms. Stevenson, after that time.

In light of Mr. Canning's nonparticipation, the other parties proceeded to resolve their claims in his absence. The court ordered the appointed accountant to proceed with an accounting with respect to Mr. Delany's and Mr. Krisher's claims. The court's order also explained that its April 20 order "was not intended nor was it understood by counsel or parties to preclude attendance by counsel for defendants at administrative conferences ordered by the Court or at motions brought by counsel for plaintiffs or plaintiff-intervenor."[3]

The court struck Mr. Canning's answer to Mr. Tacon's claims as a sanction for failing to respond to the interrogatories, and entered a default order and judgment in favor of Mr. Tacon.[4] The court later dismissed on summary judgment Mr. Canning's counterclaims against Mr. Tacon, and

---

certainly was a typographical error. Paragraph 2 of the order used the singular "defendant," as did the court in its oral ruling.

[3] A copy of this order was sent by certified mail to Mr. Canning.

[4] The court's judgment awarded Mr. Tacon $13,709 and quieted his title interest in the parcel at 2.05 percent. In a separate judgment, the court awarded

entered a nunc pro tunc correction of the April 20 discovery sanction order to limit its operation to Mr. Canning.

The court then conducted a trial on Mr. Delany's and Mr. Krisher's claims. Evidence of most of the financial details was presented through testimony of Mr. Delany and Mr. Inman, the appointed accountant. Mr. Canning and Ms. Stevenson did not appear. On the evidence presented, the court quieted title to all of the parcels, and found (among other things) that the enterprises were partnerships, that Mr. Delany had overpaid Mr. Canning the amount of $109,552, and that there was no basis for the counterclaims against Mr. Delany and Mr. Krisher.

In support of an award of attorney fees, the court found:

> 42. Mr. Canning's acts not only resulted in information not being available to the other necessary parties in this case, his partners, but he kept the facts from the court and impeded the determination of this case.

> 43. Mr. Canning's conduct, stone walling, foot dragging and obfuscation has occurred from beginning to end in this case with the result that equity requires attorneys fees be paid by Mr. Canning.

> 44. Mr. Canning's acts have been done in bad faith and with an element of wantonness.

The court then entered judgment against Mr. Canning and in favor of Mr. Delany and Mr. Krisher.[5]

Mr. Canning and Ms. Stevenson have filed four notices of appeal, all related to various judgments, findings, and orders of the superior court. Those appeals have been consolidated.

Mr. Canning and Ms. Stevenson concede they did not

---

$900, the accumulated amount of previous monetary sanctions. Mr. Canning is the sole debtor listed on both judgments.

[5]The judgment awarded $109,552 to Mr. Delany as an amount he overpaid to Mr. Canning, and ordered Mr. Canning to pay $1,602.50 in accountant fees, $1,620 for litigation reports, and $36,432.40 in attorney fees. The judgment also quieted title to the real estate and authorized Mr. Delany to dissolve the partnerships.

adequately respond to the interrogatories, and they do not challenge the superior court's conclusion they failed to comply with its discovery orders. *See* CR 26(i). Their appeal primarily challenges the superior court's choice of remedies. CR 37(b)(2) provides:

(2) *Sanctions by Court in Which Action Is Pending.* If a party or an officer, director, or managing agent of a party or a person designated under rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under section (a) of this rule or rule 35, or if a party fails to obey an order entered under rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to physical or mental examination;

(E) Where a party has failed to comply with an order under rule 35(a) requiring him to produce another for examination such orders as are listed in sections (A), (B), and (C) of this subsection, unless the party failing to comply shows that he is unable to produce such person for examination.

In lieu of any of the foregoing orders or in addition thereto,

the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

■ The appropriate remedy for a party's failure to comply with a discovery order is within the court's discretion. *Snedigar v. Hoddersen*, 114 Wn.2d 153, 169, 786 P.2d 781 (1990).

■ We first consider whether the superior court erred by appointing an accountant to reconstruct the financial affairs of the partnerships. Mr. Canning and Ms. Stevenson contend in part that the court's appointment of Mr. Inman as a "master in chancery" pursuant to RCW 4.48.020 was improper because Mr. Inman was not an attorney and had a relationship to other parties. Even if there were a factual basis for this argument, Mr. Canning certainly waived any objection by proposing Mr. Inman as the court-appointed accountant. Whatever Mr. Canning's intent in maintaining his "continuing protest," he should not have suggested the name if he found Mr. Inman objectionable.

■■ Moreover, there is no basis for the argument Mr. Inman acted as a "master in chancery." Neither the court nor the parties used that phrase or mentioned RCW 4.48.020. Appointment of the accountant as an expert was fully justified by ER 706. The accounting itself was justified by RCW 25.04.210, which requires a partner to "account to the partnership for any benefit," and RCW 25.04.220, which authorizes an accounting on this basis or when "other circumstances render [an accounting] just and reasonable." *See Guntle v. Barnett*, 73 Wn. App. 825, 830-31, 871 P.2d 627 (1994). In light of Mr. Canning's and Ms. Stevenson's failure to provide discovery of Mr. Canning's activities as managing partner, the court reasonably decided to appoint an accountant to reconstruct the partnerships' finances.

Mr. Canning and Ms. Stevenson next suggest the ac-

counting was unnecessary, because the court quieted title to some of the properties in the same proportions as Mr. Canning had alleged in his pleadings. This argument seriously misstates the nature of this dispute. A major contention in the plaintiffs' complaint was that Mr. Delany had overpaid his partnership obligations. It was only after the accounting was completed that the court was able to quiet title in the properties and determine the amount of Mr. Delany's overpayment. The accounting was necessary.

Even if appointment of an accountant was appropriate, Mr. Canning and Ms. Stevenson also contend, the accountant should have been instructed to adhere to standard accounting practices, rather than to deem the interrogatories answered in a light most favorable to the plaintiffs. Of course, a standard accounting was impossible precisely *because of* Mr. Canning's failure to maintain adequate records of his activities and his failure to respond to the plaintiffs' interrogatories. The court did not err in instructing the accountant to construe the facts in a light most favorable to the plaintiffs. *See* CR 37(b)(2)(A).

The court did not abuse its discretion in ordering an accountant to reconstruct the partnerships' finances.[6]

We next consider whether the default judgment in favor of Mr. Tacon was supported by law. Mr. Canning and Ms. Stevenson argue that, if the accounting was proper, the court should have waited for the accountant's report before striking Mr. Canning's answer and entering a default order. This argument ignores the nature of the dispute between Mr. Canning and Mr. Tacon. That dispute primarily involved Mr. Tacon's initial agreement to purchase a five percent interest in one parcel, Mr. Canning's failure to repay what Mr. Tacon alleged was a personal loan, and Mr. Tacon's resulting interest in the property after Mr. Canning paid off a real estate contract

---

[6]Mr. Canning and Ms. Stevenson have assigned error to several of the court's findings of fact. They do not argue the findings are unsupported by the record, but contend they were "tainted" by the accountant's report. Because the accounting was appropriate, there is no merit to this contention.

without Mr. Tacon's proportionate contributions. These factual issues had no bearing on Mr. Canning's dispute with Mr. Delany and Mr. Krisher. The court's findings on this separate dispute were supported by the record of a separate hearing, during which Mr. Tacon adopted the proposed factual findings as his testimony under oath.

■ Mr. Canning and Ms. Stevenson also contend, without citation to authority, that the default judgment is not "supported by law." A default judgment is justified as a discovery sanction under CR 37(b)(2)(C) "only when there has been a 'willful or deliberate refusal to obey a discovery order which substantially prejudices the opponent's ability to prepare for trial' and only after the court has considered lesser sanctions." *RCL N.W., Inc. v. Colorado Resources, Inc.*, 72 Wn. App. 265, 271-72, 864 P.2d 12 (1993) (quoting *Snedigar*, 114 Wn.2d at 169-70). The record of this case amply justifies a finding Mr. Canning willfully and deliberately refused to comply with the court's order to comply with discovery, and the information Mr. Canning withheld was "intrinsically bound up with the merits of the case." The superior court carefully explored various alternatives, none of which appeared likely to resolve the problem. The court did not abuse its discretion in entering the default order and judgment.

Mr. Canning and Ms. Stevenson next contend the superior court's April 20 order was too vague because it could have been interpreted as precluding their participation in not just the Tacon dispute but also the Delany/Krisher portions of the lawsuit. However, the April 20 order clearly related to "*plaintiff-intervenor's* motion to compel answers to interrogatories . . . ." (Emphasis added.) Mr. Canning obviously did not initially interpret the document the way he does now, since he submitted a document and appeared at a status conference on August 5, 1993.

Moreover, even if the order arguably could have been interpreted as barring all appearances by Mr. Canning or Ms. Stevenson, any doubt was dispelled by the court's let-

ter *requiring* his attendance at a status conference, and by the court's subsequent order explaining that the April 20 order was not intended to preclude Mr. Canning's appearance at "administrative conferences ordered by the Court or at motions brought by counsel for plaintiffs or plaintiff-intervenor." As it was interpreted by the parties and Mr. Canning, the order was not vague.

Finally, Ms. Stevenson contends the April 20 order was overbroad because on its face it precluded her from future appearances, even though she had not failed to answer any interrogatories related to the Tacon claim. Indeed, Ms. Stevenson was not a legal or equitable owner of the property involved in the Tacon claim, was not named as a defendant in Mr. Tacon's complaint, was not served with any interrogatories related to his claims, and was not listed as a debtor in the Tacon judgments. She cannot have been harmed by the order's obviously mistaken use of the plural "defendants." Moreover, Ms. Stevenson failed to request a correction of the order, despite a suggestion by this court that she do so and an offer by Mr. Tacon to her counsel that the order be amended to correct the mistake. The error, which Ms. Stevenson did not seek to correct pursuant to CR 60(a) and which did not affect her rights, is not a basis for reversing the judgment.

The superior court did not err in applying sanctions for Mr. Canning's and Ms. Stevenson's inexcusable discovery abuses. The judgments are affirmed.

A final issue is whether attorney fees are appropriate on appeal. RAP 18.9 authorizes an award of terms or compensatory damages against a party who "uses these rules for the purposes of delay, files a frivolous appeal, or fails to comply with these rules . . . ." In addition, CR 11 discourages filings that are not "well grounded in fact and . . . warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that [are] not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." The rule permits a

court to award sanctions, including expenses and attorney fees, to a litigant whose opponent acts in bad faith in instituting or conducting litigation. *See Wilson v. Henkle*, 45 Wn. App. 162, 174, 724 P.2d 1069 (1986).

■ The following considerations apply in determining whether an appeal is frivolous:

> (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.

*Streater v. White*, 26 Wn. App. 430, 435, 613 P.2d 187, *review denied*, 94 Wn.2d 1014 (1980).

■ Even resolving all doubt in favor of Mr. Canning and Ms. Stevenson, this appeal has raised no debatable issues upon which reasonable minds could differ. Their brief cites no judicial authority and no authority for reversal based on existing law, nor does it make a rational, good-faith argument for modification of existing law. Their appeal is totally without merit, and is frivolous. An award of attorney fees is appropriate pursuant to RAP 18.9 and CR 11.

The superior court's orders and judgments are affirmed. Attorney fees will be determined pursuant to RAP 18.1(f).

SWEENEY, C.J., and MUNSON, J., concur.

Reconsideration denied February 5, 1997.

Review denied at 131 Wn.2d 1026 (1997).