[No. 44245-7-I.    Division One.    January 18, 2000.]

GARY TANNER, JR., *Appellant*, v. THE CITY OF FEDERAL WAY, ET AL., *Respondents*.

*Mary Ellen Dubec Ramey*, for appellant.

*Carin Anne Wilson* and *Robert L. Christie* of *Johnson Martens Christie Andrews & Skinner, P.S.*; and *John McHale*, for respondents.

BECKER, J. — A juvenile defendant was detained in jail for four days after he failed to appear for trial. The prosecutor

had mistakenly filed the criminal complaint against him in adult court. He sued the prosecutor and the City, relying on *Kalina v. Fletcher*, 522 U.S. 118, 125-26, 118 S. Ct. 502, 507, 139 L. Ed. 2d 471 (1997) for the proposition that the prosecutor's conduct amounted to that of a complaining witness, and therefore was not immune from liability. We hold that a prosecutor does not act as a complaining witness by certifying the presence of reasonable grounds to believe that the accused has committed the cited offense. Unlike *Kalina*, the prosecutor here did not swear to the truth of particular facts. Because choosing the court in which to file a complaint is a traditional prosecutorial function, the conduct of the prosecutor was immune from liability.

Gary Tanner, Jr., rented a movie video from the Redondo Texaco on December 7, 1993. As disclosed in the rental contract, Tanner was born on June 1, 1976. Thus, he was 17 years old when he rented the video.

On January 10, 1994, Redondo Texaco mailed Tanner a notice that the video was overdue. The letter was returned to Redondo as unclaimed. Redondo then contacted the police and submitted a report and request to prosecute. Eventually, Paul Wohl, Assistant Prosecuting Attorney, filed a criminal complaint in the King County District Court, Federal Way Division. The complaint charged Tanner with failure to deliver leased personal property. At the time, this was a gross misdemeanor under the Federal Way Criminal Code.

Tanner appeared for his arraignment on May 19, 1994, entered a plea of not guilty, and elected to proceed with a bench trial. Tanner turned 18 years old 12 days later.

On June 14, 1994, Tanner failed to appear for a pretrial hearing. The district court issued a bench warrant for Tanner's arrest. The court quashed the warrant the next day when Tanner telephoned the court and requested that the pretrial hearing be reset. Due to Tanner's repeated failure to appear for the pretrial hearing, the court issued two more bench warrants for his arrest.

In November, the police located Tanner, arrested him, and booked him in the King County Jail. He was released four days later. The court set a bench trial on the video charge for January 23, 1995.

Tanner twice failed to appear for his scheduled trial dates, leading to more bench warrants. Tanner later retained counsel to represent him in the criminal matter. A trial court dismissed the charge against Tanner on January 8, 1997.

On July 7, 1997, Tanner filed the present civil suit against the City of Federal Way and prosecutor Wohl. Tanner alleged five causes of action against both defendants, including negligence and violation of 42 U.S.C. § 1983. Tanner based his suit on his status as a minor at the time the offense was committed. He alleged that Wohl should have filed the complaint in the juvenile court. Tanner sought damages for the stress he incurred as a result of the four-day incarceration, and his loss of employment with the Bon Marche. The trial court granted the City's motion for summary judgment dismissal on the basis of prosecutorial immunity. Tanner appeals.

■ It is well established that a prosecutor who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution is absolutely immune from liability. *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Prosecutors are immune from section 1983 federal claims as well as state common law claims. *Imbler v. Pachtman*, 424 U.S. 409.

Whether a prosecutor enjoys absolute immunity for challenged conduct depends upon the nature of the function performed. *Kalina v. Fletcher*, 522 U.S. at 127. In *Kalina*, the prosecutor personally vouched under penalty of perjury for the truth of the facts set forth in the certification for determination of probable cause. The respondent had been charged with theft of computer equipment from a school. The prosecutor certified that the respondent's fingerprints had been found on a glass partition in the school and that the respondent did not have permission to enter the school

or had never been associated with the school. These facts were untrue. The respondent had installed partitions on the premises and was authorized to enter the school. The prosecutor also certified that a witness had identified the respondent from a photo montage as the person who had asked for an appraisal of a computer stolen from the school. This fact was also untrue. The witness did not identify the respondent. The Court reasoned that the prosecutor's conduct in certifying the facts in the certification was more akin to the function of a complaining witness than to the traditional advocacy functions of a prosecutor, and held that the prosecutor did not enjoy absolute immunity.

Wohl signed a one-paragraph amended complaint accusing Tanner of the crime of failure to deliver leased personal property. Tanner contends that Wohl, like the prosecutor in *Kalina*, was functioning as a complaining witness when, at the bottom of the complaint, he signed this statement: "The above-signed Prosecutor does certify, under penalty of perjury, that he/she has reasonable grounds to believe, and does believe, that the defendant committed the offense, contrary to law." Tanner summarizes his argument as follows: "Wohl swore that Gary Tanner, Jr., had committed the offense of Failing to Deliver Leased Property, contrary to law, when he knew or should have known that it was impossible for Gary Tanner, Jr., to violate the ordinance since he was only seventeen years old and subject to the exclusive jurisdiction of the [juvenile court]."

■ ■ We disagree with Tanner's characterization of Wohl's statement. First, Tanner has not shown why it is impossible for a juvenile to violate the ordinance. Further, Wohl's statement was not a sworn statement about Tanner's age or other facts. Instead, Wohl merely certified, as the prosecutor responsible for filing the complaint, that he had reasonable grounds to believe that the accused had committed the cited offense. Initiating and signing a criminal complaint after reviewing evidence provided by a complaining witness are functions that fall squarely within

the traditional functions of a prosecutor. Wohl may have mistakenly filed the complaint in the wrong court, but filing complaints in court is a traditional function of the prosecutor acting as an advocate for the State. Wohl is absolutely immune for his conduct in filing the complaint against Tanner. We affirm the trial court's dismissal of Tanner's civil claims against prosecutor Wohl.

## MUNICIPAL LIABILITY

■ The City shares Wohl's absolute immunity from Tanner's state tort claims. *Kentucky v. Graham*, 473 U.S. 159, 167-68, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). As to Tanner's claim under 42 U.S.C. § 1983, a municipality may not be held liable for an injury caused solely by its employees or agents. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipality can be liable only if the plaintiff shows that the injury was inflicted as the result of a government's policy or custom. *Monell*, 436 U.S. at 691.

■ A single incident can establish a municipal policy but the plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Tanner has not shown that Federal Way was the "moving force" behind Wohl's single act of filing the suit in the wrong court.

Tanner further claims that the Federal Way Municipal Court had no authority to issue a warrant for his arrest since the juvenile court had "exclusive original jurisdiction" over the offense he allegedly committed. *See* RCW 13.04.030. He fails to explain how this argument relates to his civil suit. In any event, his argument is contrary to well settled law. *See State v. Werner*, 129 Wn.2d 485, 494, 918 P.2d 916 (1996) (holding that district court judges have the

statutory authority to issue arrest warrants for minors, even though lacking jurisdiction to try them).

## ATTORNEY FEES

■ The City seeks attorney fees and costs incurred in defending this appeal under RAP 18.9. That appellate rule authorizes an award of terms or compensatory damages against the party who files a frivolous appeal. RAP 18.9. An appeal is "frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal." *Delaney v. Canning*, 84 Wn. App. 498, 510, 929 P.2d 475, *review denied*, 131 Wn.2d 1026, 937 P.2d 1101 (1997).

Tanner's argument for an extension of *Kalina* is not beyond debate. The request for fees is denied.

Affirmed.

WEBSTER and COX, JJ., concur.