FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 MAR 17 AM 8: 50



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In re the Marriage of:        )     No. 70259-9-I

TRINA A. WHERRY,          )     DIVISION ONE

      Respondent,        )

      and                )

DAVID B. RATNER,        )     UNPUBLISHED

      Appellant.         )     FILED: March 17, 2014

Cox, J. — After agreeing to submit child support adjustments to binding arbitration during proceedings to modify a parenting plan, David Ratner requested a trial de novo under chapter 7.06 RCW. He also moved to vacate the arbitration decision under chapter 7.04A RCW.

Ratner appeals an order dismissing his request for a trial de novo and denying his motion to vacate. He argues that binding arbitration agreements purporting to decide child support adjustments violate statutory law and public policy. We disagree and affirm. Because his appeal is frivolous, we impose sanctions against him.

In 2000, the court dissolved the marriage of Trina Wherry and David Ratner and entered a parenting plan providing for the care of their daughter. The court modified the parenting plan in 2004. On October 25, 2010, Ratner petitioned to modify further the parenting plan and indicated on his petition, "Child

support should be modified or established if the court grants the petition to modify the parenting plan or residential schedule." In December 2010, a court commissioner found adequate cause for Ratner's petition and entered temporary orders providing a new residential schedule and new child support amounts. In January 2011, a commissioner appointed a guardian ad litem, allocating half of the expense to each party.

On September 22, 2011, the parties filed a notice of settlement of all claims regarding the parenting plan modification. The notice states, "In addition, the parties have agreed to arbitrate all remaining issues with Howard Bartlett." Wherry and Ratner signed an agreement, which states, "both parties agree that the arbitration ruling is binding, subject to the specific rights of appeal enumerated in RCW 7.04A."

In December 2011, the court entered an order on the agreed parenting plan providing that the child would reside with Wherry a majority of the time. Arbitrator Bartlett signed an arbitration decision on December 2, 2011, and a child support order on January 3, 2012. In early January, the parties agreed to change the parenting plan to allow the child to live with Ratner a majority of the time. Because the new parenting plan would require changes to the child support order, Arbitrator Bartlett stayed the application of his decisions in a letter dated January 12, 2012.

On January 13, 2012, the court entered an order for a new agreed parenting plan providing that the child would reside with Ratner a majority of the time. On February 17, 2012, the court entered an order terminating Ratner's

obligation to pay child support and indicating that Wherry would be the support obligor based on the entry of the new parenting plan. On September 19, 2012, Arbitrator Bartlett signed an arbitration decision and child support worksheets. On October 26, 2012, Arbitrator Bartlett denied Ratner's motion to correct, clarify, or modify the arbitrator's September 19 decision.

On November 13, 2012, Ratner filed a request for a trial de novo "pursuant to the arbitration agreement of the parties." The court clerk set a trial de novo schedule before Judge Jeffrey Ramsdell, as well as trial by affidavit schedule before a court commissioner. Wherry filed a CR 12(b)(6) motion to dismiss the trial de novo, which Judge Ramsdell denied.

On January 24, 2013, Ratner moved to vacate or modify the September 19, 2012 arbitration decision under Chapter 7.04A RCW and to consolidate his request with the scheduled trial de novo. On February 1, 2013, Ratner moved to stay the trial by affidavit until after the court ruled on his motion to vacate and held a pretrial conference set for February 15 on the trial de novo schedule. On February 19, 2013, a court commissioner continued the trial by affidavit to allow resolution of "pending actions before Judge Inveen" and "multiple procedural issues."

Judge Laura Inveen held a hearing on March 4, 2013. Ratner argued that Washington law and public policy prohibit binding agreements to arbitrate child support under chapter 7.04A RCW and that Judge Ramsdell had already ruled that the case was subject to the mandatory arbitration rules under chapter 7.06 RCW. At the hearing, Judge Inveen informed the parties that she had asked

3

Judge Ramsdell if he recalled his reasons for denying Wherry's previous motion to dismiss Ratner's request for a trial de novo. Following the hearing, the trial court dismissed Ratner's request for a trial de novo and denied his motion to vacate the arbitrator's September 19, 2012 decision. Thereafter, the trial court denied Ratner's motions for reconsideration or clarification and awarded Wherry $1,500 in attorney fees for having to respond to those motions.

Ratner appeals.

## REQUEST FOR TRIAL DE NOVO

Ratner contends the superior court erred in dismissing his request for a trial de novo under chapter 7.06 RCW. We disagree.

Because arbitration is a statutory proceeding, we determine de novo which statutes initially governed the arbitration between the parties.[1] Chapter 7.06 RCW allows trial courts to impose mandatory arbitration of small claims as well as civil actions in which the sole relief sought is the modification of child support.[2] The MARs govern such arbitration proceedings, and they do not apply to private arbitration agreements unless the parties stipulate otherwise.[3] King

---

[1] In re Parentage of Smith-Bartlett, 95 Wn. App. 633, 636, 976 P.2d 173 (1999); Post v. City of Tacoma, 167 Wn.2d. 300, 308, 217 P.3d 1179 (2009).

[2] RCW 7.06.020(2) provides: "If approved by majority vote of the superior court judges of a county which has authorized arbitration, all civil actions which are at issue in the superior court in which the sole relief sought is the establishment, termination or modification of maintenance or child support payments are subject to mandatory arbitration. The arbitrability of any such action shall not be affected by the amount or number of payments involved."

[3] MAR 1.1 provides: "These arbitration rules apply to mandatory arbitration of civil actions under RCW 7.06. These rules do not apply to arbitration by private agreement or to arbitration under other statutes, except by stipulation under rule 8.1."

County Local Family Law Rules provide that parties to child support modification proceedings "*may stipulate* to arbitrate the issues in the petition pursuant to the state and local Mandatory Arbitration Rules."[4]

Conversely, private arbitration is governed by chapter 7.04A RCW, Washington's Uniform Arbitration Act, and "depends on contractual agreement."[5] RCW 7.04A.230 governs judicial review of contractually agreed arbitration awards and does not contain a right to trial de novo. "Binding arbitration by its very definition is inconsistent with the de novo review allowed under the mandatory arbitration statute."[6] Contractually agreed arbitration is a substitute for litigation in court and "a party cannot unilaterally withdraw an issue from arbitration."[7] "Once parties contractually agree to binding arbitration, neither of them can say that the arbitration is not binding after all."[8]

Ratner fails to identify any relevant statutory or other authority requiring mandatory arbitration or prohibiting a voluntary agreement to binding arbitration of the parties' dispute regarding child support in this case. Ratner offers nothing

---

[4] LFLR 14(d)(6)(emphasis added).

[5] Malted Mousse, Inc. v. Steinmetz, 150 Wn.2d 518, 526, 79 P.3d 1154 (2003). Cases decided before January 1, 2006, cite the former UAA, which the legislature repealed. Laws of 2005, ch. 433. Chapter 7.04A RCW, the current UAA, took effect on January 1, 2006. RCW 7.04A.900. The statutory provisions on which these cases relied have not materially changed.

[6] Sales Creators, Inc. v. Little Loan Shoppe, LLC, 150 Wn. App. 527, 532, 208 P.3d 1133 (2009).

[7] Godfrey v. Hartford Cas. Ins. Co., 142 Wn.2d 885, 892, 897, 16 P.3d 617 (2001).

[8] Dahl v. Parquet and Colonial Hardwood Floor Co., Inc., 108 Wn. App. 403, 411, 30 P.3d 537 (2001).

more than his own independent interpretation of various statutes to support his claim that binding arbitration of such matters is against the law and public policy.[9] His claims are not persuasive.

Nothing in the record indicates either that the trial court ordered the parties to submit to mandatory arbitration or that the parties stipulated to mandatory arbitration or agreed to apply the MARs. And Ratner concedes that the parties initially entered an agreement for binding arbitration under chapter 7.04A RCW, but attempts to recharacterize the nature of the proceedings in this case as of January 13, 2012, when the trial court entered the second agreed parenting plan. Without reference to relevant authority or coherent argument, he claims that the entry of this parenting plan "was a new proceeding." Ratner is wrong.

The record establishes a single action to modify the parenting plan with a dependent conditional request for child support recalculation. The trial court found adequate cause to modify the parenting plan and the parties agreed on a new parenting plan. The parties voluntarily agreed to binding arbitration to determine the appropriate child support based on the agreed parenting plan. Nothing in the January 2012 parenting plan resolved the original request for a child support calculation consistent with the new residential arrangements or established a revocation of the parties' agreement to binding arbitration.

Under these circumstances, the trial court properly dismissed Ratner's request for a trial de novo.

---

[9] See Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (declining review of issues unsupported by authority or argument).

Because the dismissal was proper as a matter of law, we also reject Ratner's baseless claim that Judge Inveen's reported consultation with Judge Ramsdell somehow violated the appearance of fairness or involved improper factual inquiry in violation of the Code of Judicial Conduct. The case authority on which he relies plainly does not support this assertion.

## MOTION TO VACATE ARBITRATION DECISION

Ratner contends the superior court erred in denying his motion to vacate the September 19, 2012 arbitration decision. He claims the arbitrator lacked authority to decide any matter after the parties agreed in January 2012 that the child would reside with him a majority of the time. For the reasons set forth below, we conclude the court did not err in denying Ratner's motion.

We review a trial court's decision to confirm or vacate an arbitration award de novo.[10]

Washington law strongly favors the finality of arbitration awards and severely restricts the scope of judicial review.[11] Generally, the reviewing court does not consider the merits of the claim or the evidence before the arbitrator.[12] "The [superior] court's review is confined to the question [of] whether any of the statutory grounds for vacation exist."[13] "The burden of showing that such

---

[10] Fid. Fed. Bank, FSB v. Durga Ma Corp., 386 F.3d 1306, 1311 (9th Cir. 2004).

[11] Davidson v. Hensen, 135 Wn.2d 112, 118-19, 954 P.2d 1327 (1998).

[12] Id. at 119.

[13] Cummings v. Budget Tank Removal & Envtl. Servs., LLC, 163 Wn. App. 379, 388, 260 P.3d 220 (2011).

grounds exist is on the party seeking to vacate the award."[14] We review de novo this question of law.[15]

A court may disturb an award only on the narrow grounds listed in RCW 7.04A.230 and only when those grounds appear on the face of the award.[16]

RCW 7.04A.230 provides:

(1) Upon motion of a party to the arbitration proceeding, the court shall vacate an award if:
(a) The award was procured by corruption, fraud, or other undue means;
(b) There was:
(i) Evident partiality by an arbitrator appointed as a neutral;
(ii) Corruption by an arbitrator; or
(iii) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding;
(c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to RCW 7.04A.150, so as to prejudice substantially the rights of a party to the arbitration proceeding;
(d) An arbitrator exceeded the arbitrator's powers;
(e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under RCW 7.04A.150(3) not later than the commencement of the arbitration hearing; or
(f) The arbitration was conducted without proper notice of the initiation of an arbitration as required in RCW 7.04A.090 so as to prejudice substantially the rights of a party to the arbitration proceeding.

Ratner does not identify any statutory ground requiring vacation of the decision here. For this reason alone, rejection of this argument is proper.

Instead, Ratner again claims, without citation to relevant authority or meaningful argument, that the arbitrator had no authority to decide any issue

---

[14] Id.

[15] Wash. State Dep't of Transp., Ferries Div. v. Marine Emps.' Comm'n, 167 Wn. App. 827, 835, 274 P.3d 1094 (2012).

[16] Westmark Properties, Inc. v. McGuire, 53 Wn. App. 400, 402, 766 P.2d 1146 (1989).

after entry of the January 2012 parenting plan. In his briefing before this court, Ratner expresses confusion and repeatedly questions the arbitrator's procedural decisions and consideration of evidence after January 2012, as well as the trial court's consideration of the parties' signed agreement, based on his belief that this case included two completely separate arbitration proceedings. Ratner also argues that the arbitrator improperly resolved the merits of his claims regarding the computation of Wherry's income and the division of the GAL fees. Ratner fails to meet his burden of showing statutory grounds justifying vacation of the arbitrator's decision.

## ATTORNEY FEES

Ratner claims the trial court improperly delegated the determination of attorney fees to the arbitrator in violation of the provisions of RCW 7.04A.250(2) and (3). We disagree.

The trial court's written order denying the motion to vacate the arbitration decision states: "Petitioner shall submit an attorney fee and cost declaration to this arbitrator for determination of an award of fees and costs for having to respond to both Respondent's trial de novo action and motion to vacate the arbitration decision."

RCW 7.04A.250 provides in pertinent part:

(1) Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity with the order. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.

(2) A court may allow reasonable costs of the motion and subsequent judicial proceedings.

(3) On application of a prevailing party to a contested judicial proceeding under RCW 7.04A.220, 7.04A.230, or 7.04A.240, the court may add to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award, attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made.

Contrary to Ratner's claim that only a court may determine an attorney fee award, nothing in RCW 7.04A.250 prohibits the court's action here.

Ratner also assigns error to the arbitrator's award of $1,500 in attorney fees to Wherry in his decision denying Ratner's motions for reconsideration or clarification. Because he fails to present any argument or authority in support of his assignment of error, we decline to address it.[17]

Finally, Wherry requests an award of attorney fees under RAP 18.9, claiming that Ratner's appeal is frivolous. We agree and impose terms for a frivolous appeal against Ratner.

An appeal is frivolous if there are no debatable issues on which reasonable minds can differ and is so totally devoid of merit that there was no reasonable possibility of reversal.[18] The court considers the record as a whole and resolves all doubts against finding an appeal frivolous.[19]

Here, reviewing the record as a whole, Ratner's appeal is frivolous. Ratner's descriptions of the proceedings below are contrary to the record and his arguments are illogical and without support of statutory or judicial authority. Accordingly, we award Wherry attorney fees and costs as sanctions against Ratner for this frivolous appeal, subject to Wherry's compliance with RAP 18.1.

---

[17] See RAP 10.3(a)(6); Cowiche Canyon, 118 Wn.2d at 809.

[18] In re Recall of Feetham, 149 Wn.2d 860, 872, 72 P.3d 741 (2003).

[19] Delany v. Canning, 84 Wn. App. 498, 510, 929 P.2d 475 (1997).

We affirm the order on motion to vacate/dismiss.

_____ Cox, J.

WE CONCUR:

_____    _____