**FILED**
**JUNE 2, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals Division III



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Custody of: | ) | No. 38056-4-III |
| | ) | |
| C.S.† | ) | |
| | ) | |
| ──────────────────────── | ) | |
| | ) | |
| WAYNE JANKE and DORIS STRAND, | ) | |
| | ) | UNPUBLISHED OPINION |
| Respondents, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RONALD SIMON and TERESA SIMON, | ) | |
| | ) | |
| Appellants. | ) | |

PENNELL, J. — Ronald and Teresa Simon appeal from the trial court's denial of reconsideration of an order striking their CR 60 motion for relief from judgment and imposing attorney fees as a CR 11 sanction. We affirm in part and reverse in part. The order striking the CR 60 motion is affirmed but we reverse the CR 11 sanction, without prejudice, based on insufficient findings. This matter is remanded for further proceedings.

_____

† To protect the privacy interests of the minor child, we use their first and last name initials throughout the body of this opinion. Gen. Order 2012-1 of Division III, *In re Use of Initials or Pseudonyms for Child Victims or Child Witnesses* (Wash. Ct. App. June 18, 2012), https://www.courts.wa.gov/appellate_trial_courts/?fa=atc.genorders_ orddisp&ordnumber=2012_001&div=III.

FACTS

Ronald and Teresa Simon are the biological parents of C.S. In 2015, Wayne Janke and Doris Strand petitioned for nonparental custody of C.S. Extensive litigation ensued, including the appointment of a guardian ad litem (GAL). Ultimately, in 2018 the petition was granted and both parties were ordered to pay a share of the GAL fees.

In 2019, the Simons moved for relief from judgment under CR 60, arguing they had newly discovered evidence as well as evidence of fraud.[1] The court denied the motion, ruling (1) the fraud alleged was not perpetrated by an opposing party, (2) the Simons failed to make a showing of fraud, and (3) the Simons failed to show the alleged newly discovered evidence could not have been uncovered earlier.

In 2020, the Simons filed another CR 60 motion. This motion raised several new factual arguments concerning the alleged conspiracy against them, but shared the same fundamental legal defects as their prior motion. In response, Doris Strand moved to strike the Simons's motion, asserting it was duplicative of the previous CR 60 motion. The trial court granted the motion to strike and imposed on the Simons $2,500 in attorney fees as a

---

[1] The Simons appear to have filed a similar motion in August 2018. *See* Clerk's Papers (CP) at 3584; 1 Report of Proceedings (Apr. 12, 2019) at 31. This motion does not appear to be included in the appellate record.

No. 38056-4-III
*In re Custody of C.S.*

CR 11 sanction due to the "repetitive nature" of the motion. Clerk's Papers (CP) at 4831. The Simons then unsuccessfully moved for reconsideration of this order.

The Simons now appeal from the trial court's denial of reconsideration of the order striking their CR 60 motion and imposing attorney fees as a CR 11 sanction.

ANALYSIS

*Order striking the CR 60 motion*

Under CR 12(f), a party may move in the trial court to strike any redundant or immaterial portion of a pleading or motion prior to filing a responsive pleading. CR 60 sets forth the procedures governing motions for relief from judgment. A motion for relief from judgment based on newly discovered evidence must be made within one year. CR 60(b)(11). A motion for relief based on fraud must be made within "a reasonable time." *Id*. We review a trial court's disposition of a CR 60 motion for abuse of discretion. *Coogan v. Borg-Warner Morse Tec Inc.*, 197 Wn.2d 790, 820, 490 P.3d 200 (2021). Motions to strike under CR 12(f) are reviewed under the same standard. *Oltman v. Holland Am. Line USA, Inc.*, 163 Wn.2d 236, 244, 178 P.3d 981 (2008). Our case law permits us to affirm the trial court on any basis supported by the record and the law. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989).

3

The Simons's motion for relief from judgment was untimely under the plain terms of CR 60. To the extent the motion was based on newly discovered evidence, it was not filed within one year of the 2018 nonparental custody order. To the extent the CR 60 motion was based on fraud, it was not filed within a reasonable amount of time, particularly in light of the Simons's prior litigation.

The Simons's motion also fails on the merits. In order to justify vacating a judgment on the basis of newly discovered evidence, the Simons must show new evidence:

> (1) would probably change the result if a new trial were granted, (2) was discovered since trial, (3) could not have been discovered before the trial by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching.

*Jones v. City of Seattle*, 179 Wn.2d 322, 360, 314 P.3d 380 (2013).

To obtain relief from a judgment due to fraud, a party must demonstrate fraudulent conduct or a misrepresentation that caused the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense. *Lindgren v. Lindgren*, 58 Wn. App. 588, 596, 794 P.2d 526 (1990). The moving party must establish fraud with clear and convincing evidence. *Id*.

> The nine fraud elements are: (1) a representation of an existing fact; (2) the fact is material; (3) the fact is false; (4) the defendant knew the fact was false or was ignorant of its truth; (5) the defendant intended the plaintiff to

4

act on the fact; (6) the plaintiff did not know the fact was false; (7) the plaintiff relied on the truth of the fact; (8) the plaintiff had a right to rely on it; and (9) the plaintiff had damages.

*Baddeley v. Seek*, 138 Wn. App. 333, 338-39, 156 P.3d 959 (2007).

The Simons fail to point to any newly discovered evidence that is material to their case, or any evidence of fraud. The Simons's arguments requesting relief from judgment are difficult to understand and appear to be based on allegations of an elaborate conspiracy involving the court and the GAL. The Simons fail to address the elements of fraud, do not allege fraud by an adverse party (i.e. not the court or the GAL), and fail to describe why they were unable to discover the claimed new evidence or fraud sooner than the time of filing. These are similar to the defects that led the trial court to deny the Simons's CR 60 motion in 2019. Indeed, due to the similarity of subject matter between the two motions, the 2020 CR 60 motion can easily be interpreted as another attempt at the failed prior motion. Thus, it was not an abuse of discretion for the trial court to rule the Simons's 2020 CR 60 motion was repetitive, grant the motion to strike under CR 12(f), and deny the Simons's subsequent motion for reconsideration.

*CR 11 sanction*

"[CR 11] permits a court to award sanctions, including expenses and attorney fees, to a litigant whose opponent acts in bad faith in instituting or conducting litigation."

*Delany v. Canning*, 84 Wn. App. 498, 509-10, 929 P.2d 475 (1997). The rule applies to pro se parties as well as attorneys. *See West v. Wash. Ass'n of County Officials*, 162 Wn. App. 120, 136, 252 P.3d 406 (2011). We review the imposition of a CR 11 sanction for abuse of discretion. *Kilduff v. San Juan County*, 194 Wn.2d 859, 874, 453 P.3d 719 (2019).

The trial court here found that "[b]ased on the repetitive nature of several successive CR (60) motions on the same grounds, CR (11) sanctions are appropriate." CP at 4831. The court did not explicitly find the Simons had filed their CR 60 motion for an improper purpose such as harassment. Nor did the court find the Simons made a baseless filing without a reasonable inquiry into law and facts.

The trial court's finding was insufficient to support the CR 11 sanction. "[I]n imposing CR 11 sanctions, it is incumbent upon the court to specify the sanctionable conduct in its order." *Biggs v. Vail*, 124 Wn.2d 193, 201, 876 P.2d 448 (1994). "The court must make a finding that either the . . . [pleading, motion, or legal memorandum] is not grounded in fact or law and the attorney or party failed to make a reasonable inquiry into the law or facts, or the paper was filed for an improper purpose." *Id*. "If a . . . [pleading, motion, or legal memorandum] lacks a factual or legal basis, the court cannot impose CR 11 sanctions unless it also finds that the attorney [or party] who signed and filed the

. . . [pleading, motion, or legal memorandum] failed to conduct a reasonable inquiry into the factual and legal basis" of the filing. *In re Jones v. A.M.*, 13 Wn. App. 2d 760, 768, 466 P.3d 1107 (2020) (*quoting Bryant v. Joseph Tree, Inc.* 119 Wn.2d 210, 220, 829 P.2d 1099 (1992)).

Because the trial court's findings were insufficient to support the attorney fee award as a CR 11 sanction, we reverse the sanction and remand so that the trial court may consider whether a CR 11 sanction is appropriate in light of the aforementioned standards. *See Biggs v. Vail*, 124 Wn.2d at 202 (setting forth procedure for remand on CR 11 findings).

## APPELLATE ATTORNEY FEES

Doris Strand requests an award of attorney fees under RAP 18.1 for having to defend against a frivolous appeal. Because the Simons have prevailed in part on their appeal, we cannot find the appeal was wholly frivolous. The request for attorney fees on appeal must be denied.

## CONCLUSION

The order striking the Simons's CR 60 motion is affirmed. The trial court's award of attorney fees as a sanction under CR 11 is reversed without prejudice. This matter is remanded for further proceedings.

No. 38056-4-III
*In re Custody of C.S.*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Fearing, J.

8