# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | |
|---|---|
| ALLAN MARGITAN, married filing individually, | ) No. 39732-7-III<br>)<br>) |
| Appellant, | )<br>) |
| v. | )<br>) |
| MARK AND JENNIFER HANNA, husband and wife, | ) **ORDER AMENDING**<br>) **OPINION FILED**<br>) **SEPTEMBER 23, 2025**<br>) |
| Respondents, | )<br>) |
| PAINE HAMBLEN LLP, A Washington Limited Liability Partnership, | )<br>) |
| Defendant. | ) |

The court hereby amends its opinion filed on September 23, 2025 as follows:

The second sentence in the first full paragraph on page 4 that begins "By then"

shall be deleted and the following shall be substituted in its place:

> By then, Judge Fennessey had been assigned the chief criminal docket, and the case had been reassigned to Judge Hazel.

PANEL:     Judges Lawrence-Berrey, Staab, and Murphy,

FOR THE COURT:



_____
ROBERT E. LAWRENCE-BERREY
CHIEF JUDGE

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ALLAN MARGITAN, married filing individually, | ) ) ) | No. 39732-7-III |
| Appellant, | ) ) | |
| v. | ) ) | |
| MARK AND JENNIFER HANNA, husband and wife, | ) ) ) | UNPUBLISHED OPINION |
| Respondents, | ) ) ) | |
| PAINE HAMBLEN LLP, A Washington Limited Liability Partnership, | ) ) ) | |
| Defendant. | ) ) | |

LAWRENCE-BERREY, C.J. — Allan Margitan, pro se, filed suit against the law firm representing the party opposing him in a long-running conflict. The trial court granted the law firm's CR 12(c) motion for dismissal, concluding that the litigation privilege applied. Ten months later, Margitan filed a CR 60(b) motion for reconsideration. The trial court denied the motion and ordered Margitan to pay $4,500 in CR 11 sanctions.

Margitan timely appeals the denial of his reconsideration request and the imposition of CR 11 sanctions. In addition, he attempts to appeal the order of dismissal and even one older order, an order denying his motion for default. In accordance with established precedent, we do not review the untimely appealed orders.

We conclude the trial court did not abuse its discretion in denying reconsideration and in ordering Margitan to pay $4,500 in CR 11 sanctions. We deem this appeal frivolous and grant the law firm's request for attorney fee sanctions on appeal.

FACTS

Allan Margitan and Mark and Jennifer Hanna own adjoining properties in Spokane County, Washington. The two parties have a lengthy litigation history surrounding property disputes. *See, e.g.*, *Hanna v. Margitan*, 193 Wn. App. 596, 373 P.3d 300 (2016).

In August 2021, Margitan filed the action that is currently on appeal. The complaint asserted that the Hannas committed tortious acts within a 2019 action between the parties. In November 2021, Margitan filed an amended complaint joining the Hannas's attorneys, Paine Hamblen LLP, and asserted that Paine Hamblen also engaged in tortious acts within the 2019 action. The claims against Paine Hamblen alleged discovery abuses.

On February 16, 2022, counsel for Paine Hamblen requested a calendar date from Judge Fennessy's chambers to hear a CR 12(c) motion to dismiss on the pleadings. The court proposed a date of March 25, 2022. Margitan informed the parties he was unavailable between March 5, 2022 and April 1, 2022. The court offered an alternate date of April 15, 2022. Margitan did not object.

On March 18, 2022, Paine Hamblen filed and served its CR 12(c) motion for judgment on the pleadings, primarily relying on attorney immunity under the litigation privilege doctrine. In support of its motion, Paine Hamblen attached pleadings and transcripts from the 2019 action. Paine Hamblen noted its motion to be heard on the agreed date, April 15, 2022.

On April 11, 2022, Margitan moved to strike Paine Hamblen's CR 12(c) motion. He argued the motion should be converted to a CR 56 motion for summary judgment because it was accompanied by declarations. Margitan also argued it was unfair and prejudicial to require him to file a response on short notice because Paine Hamblen filed and served the motion during his period of unavailability. The court reset the April 15 hearing date to April 22 and set Margitan's response date to April 19.

After argument, Judge Fennessy granted Paine Hamblen's motion to dismiss:

> So with those observations, I believe that the statements of Mr. Margitan are accepted by this Court. But I don't think that they rise to the level of a cause of action against Paine Hamblen in this circumstance. I understand that there's [the 2019] case still in front of Judge Moreno relative to the discovery actions that were taken, the behavior that was there, and the underlying circumstance on the property between these parties. But, for those reasons, I believe that the motion to dismiss under [CR] 12[(c)] is well founded, well taken, and I am going to sign the order as proposed by Mr. Ross on behalf of his clients dismissing the cause of action as against Paine Hamblen, LLP.

Rep. of Proc. (April 22, 2022) at 26.

*Ten months later*, on February 28, 2023, Margitan filed a CR 60(b) motion to vacate the order of dismissal. By then, Judge Fennessey had retired and the case had been reassigned to Judge Hazel. Margitan asserted 12 reasons why his motion should be granted. His reasons ignored the legal basis supporting dismissal—litigation privilege immunity. Instead, he reargued the alleged discovery abuses and the claimed "mistake" and "surprise" for being denied adequate time to respond to Paine Hamblen's CR 12(c) motion. Clerk's Papers at 765.

By order dated April 14, 2023, Judge Hazel denied Margitan's CR 60(b) motion. Paine Hamblen moved for CR 11 sanctions for opposing Margitan's motion. By order dated May 12, 2023, the court granted Paine Hamblen's request and ordered Margitan to pay Paine Hamblen $4,500.

On May 15, 2023, Margitan filed the first notice of appeal that appears in this court, a notice entitled "Second Amended Notice of Appeal." Over the next several months, Margitan continued to file additional amended notices of appeal.

ANALYSIS

*Review Limited to Reconsideration Order and Sanctions Order*

As a preliminary matter, we first discuss Margitan's various notices of appeal. Aside from the timely appeal of the April 14, 2023 order denying reconsideration and the

May 12, 2023 order granting sanctions, Margitan attempts to appeal the April 2022 order of dismissal and an earlier order, an order denying his motion for default.

A CR 60(b) motion for reconsideration is not a substitute for a timely appeal and does not allow a litigant to challenge the underlying judgment. *In re Vulnerable Adult Petition for Winter*, 12 Wn. App. 2d 815, 830, 460 P.3d 667 (2020); *Bjurstrom v. Campbell*, 27 Wn. App. 449, 451, 618 P.2d 533 (1980). Similarly, "an unappealed final judgment cannot be restored to an appellate track by means of moving to vacate and appealing the denial of the motion." *State v. Gaut*, 111 Wn. App. 875, 881, 46 P.3d 832 (2002). The scope of our appellate review therefore is limited to the trial court's denial of Margitan's reconsideration motion and its subsequent order imposing CR 11 sanctions.

CR 60(b) is aimed at judgments that were unfairly obtained. *Peoples State Bank v. Hickey*, 55 Wn. App. 367, 372, 777 P.2d 1056 (1989). Here, the only legitimate basis for Margitan's CR 60(b) motion concerns the titling of Paine Hamblen's motion as one under CR 12(c) rather than CR 56 and Margitan's argument that he lacked sufficient time to respond to that motion. The other bases of his motion had nothing to do with the order of dismissal being unfairly obtained.

We agree with Margitan. Paine Hamblen's choice to include matters outside the pleadings converted its CR 12(c) motion to a CR 56 motion. *Sea-Pac Co. v. United Food & Com. Workers Local Union 44*, 103 Wn.2d 800, 802, 699 P.2d 217 (1985). An

important procedural difference between a CR 12 motion and a CR 56 motion is, under

the latter rule, an opposing party is entitled to 17 days to respond.[1]  Here, Paine Hamblen

filed its mistitled motion to dismiss on March 18, 2022, and Margitan was given until

April 19 to respond.  Margitan had more time to respond than permitted by CR 56(c),

even if one were to consider him "unavailable" until April 1, 2022.

We review a trial court's denial of a CR 60(b) motion for reconsideration for a

manifest abuse of discretion.  *Hook v. Lincoln County Noxious Weed Control Bd.*, 166

Wn. App. 145, 158, 269 P.3d 1056 (2012).  We discern no manifest abuse of discretion

by Judge Hazel for his refusal to vacate the order of dismissal entered 10 months earlier,

given the additional time Judge Fennessy gave Margitan to respond to Paine Hamblen's

mistitled motion.

Similarly, we review a trial court's imposition of CR 11 sanctions for an abuse of

discretion.  *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299,

339, 858 P.2d 1054 (1993).  CR 11 sanctions may be imposed against an attorney or a pro

se party for filing a factually or legally baseless pleading.  *See* CR 11(a).  When

determining whether CR 11 sanctions are warranted for a factually baseless filing, courts

---

[1] Under CR 56(c), the party moving for summary judgment must allow at least 28 days between filing its supporting documents and the hearing date, and the opposing party may file opposing documents not later than 11 days before the hearing.  Thus, the opposing party has at least 17 days from filing and service of the motion to respond.

should consider what the filing party reasonably believed at the time the pleading was submitted. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 220, 829 P.2d 1099 (1992). Margitan's inclusion of numerous nonlegitimate bases for his motion and inclusion of one legitimate but insufficient basis supports our conclusion that Judge Hazel did not abuse his discretion by ordering Margitan to partially compensate Paine Hamblen for its fees incurred in opposing the hapless motion. The legitimate basis had to do with the fairness of requiring Margitan to respond one month after Paine Hamblen's filing of its motion to dismiss. Margitan, knowing that he had not objected to the original hearing date and knowing that Judge Fennessey had given him an additional week to respond, could not have reasonably believed the order of dismissal was unfairly obtained.

*Attorney Fees on Appeal*

Paine Hamblen requests reasonable attorney fees under RAP 18.9(a) and RCW 4.84.185. Fees under these provisions are appropriate if the opposing party's appeal is frivolous. "'[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.'" *Foisy v. Conroy*, 101 Wn. App. 36, 42-43, 4 P.3d 140 (2000) (quoting *Delany v. Canning*, 84 Wn. App. 498, 510, 929 P.2d 475 (1997)).

It appears that Margitan filed his CR 60(b) motion for the sole purpose of trying to extend his ability to appeal stale orders, including the order of dismissal. The only

7

legitimate reason for Margitan seeking reconsideration under the rule was the fairness of being given one month to respond to Paine Hamblen's mistitled motion to dismiss. Here, our review of the trial court's two timely appealed orders is very deferential—abuse of discretion. Given this very deferential standard and the lack of an adequate factual basis to support the challenge, we must conclude that this appeal is totally devoid of merit and there was no reasonable possibility of reversal. We therefore grant Paine Hamblen's request for reasonable attorney fees on appeal.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Staab, J.

Murphy, J.

8