# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47307-1-II |
| Respondent, | |
| v. | |
| CHRISTOPHER JULIAN LANDRIE, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Christopher Julian Landrie appeals his sentence, arguing that the sentencing condition prohibiting him from having contact with his biological child deprives him of his fundamental right to parent. We hold that the court did not abuse its discretion in imposing the condition because the sentencing condition is crime related. Accordingly, we affirm.

## FACTS

The underlying facts are undisputed. Landrie lived with his girlfriend, Tara Foulkes, her two children, who were five and six years old, and Landrie and Foulkes one-year-old child. Foulkes' children referred to Landrie as "Dad," and Landrie acted as a parent to them. Verbatim Transcript of Proceedings (VTP) at 18. Landrie assaulted Foulkes' five-year-old child causing severe injuries. The three children were removed from the home to the custody of the children's maternal grandfather.

Landrie pleaded guilty to, and was convicted of, second degree assault of a child, second degree criminal mistreatment.[1] The parties stipulated to an exceptional sentence. At sentencing, the State requested that the court impose a no-contact order prohibiting contact with the victim,

---

[1] Landrie also pleaded guilty to two counts of witness tampering, two counts of violation of a domestic violence no-contact order, and one count of making a false statement to a public servant. These convictions have not been appealed.

Foulkes, and all minors for the duration of Landrie's sentence. Landrie requested that the court allow him to have contact with his biological minor child.

The court imposed the stipulated exceptional sentence of 180 months. Based on "the nature of [Landrie's] crime" and because Landrie's child lives with Landrie's victim, the court imposed a no-contact order prohibiting contact with his victim, Foulkes, and all minors for the duration of Landrie's sentence. Landrie appeals the sentencing condition prohibiting him from having contact with his biological minor son.[2]

## ANALYSIS

Landrie argues that the trial court interfered with his fundamental right to parent by imposing a sentencing condition that prohibits him from contact with his minor child. Specifically, Landrie claims that the no-contact order prohibiting contact with his minor child is broader than reasonably necessary to protect the child because (1) Landrie did not ask for unsupervised physical contact and (2) because restrictions on contact should be decided by a dependency court. We disagree.

A.    LEGAL STANDARD

A sentencing court is authorized to impose and enforce crime-related prohibitions. RCW 9.94A.505(9); *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008), *cert. denied*, 556 U.S. 1192 (2009). "Crime-related prohibitions" are orders directly related to "the circumstances of the crime" for which the offender has been convicted, and may include no-contact orders. RCW 9.94A.030(10); *State v. Armendariz*, 160 Wn.2d 106, 113, 156 P.3d 201 (2007). A causal link between the condition imposed and the crime committed is not necessary as long as the condition

---

[2] Although Landrie claims to challenge the sentencing condition prohibiting contact with all minors, his arguments focus only on the condition as it applies to his minor son.

relates to the crime's circumstances. *State v. Llamas-Villa*, 67 Wn. App. 448, 456, 836 P.2d 239 (1992).

We review a trial court's imposition of crime-related prohibitions for abuse of discretion. *Warren*, 165 Wn.2d at 32. A trial court abuses its discretion if its decision in imposing a sentencing condition is manifestly unreasonable or based on untenable grounds. *State v. Ancira*, 107 Wn. App. 650, 653, 27 P.3d 1246 (2001). We do not substitute our own reasoning for the trial court's reasoning, absent an abuse of discretion. *State v. Lord*, 161 Wn.2d 276, 295, 165 P.3d 1251 (2007).

When a sentencing condition interferes with a fundamental constitutional right, we engage in a more careful review of the condition. *Warren*, 165 Wn.2d at 32. Conditions that interfere with fundamental rights "must be 'sensitively imposed' so that they are 'reasonably necessary to accomplish the essential needs of the State and public order.'" *In re Pers. Restraint of Rainey*, 168 Wn.2d 367, 374, 229 P.3d 686 (2010) (quoting *Warren*, 165 Wn.2d at 32). However, although

> [t]he extent to which a sentencing condition affects a constitutional right is a legal question subject to strict scrutiny . . . because the imposition of crime-related prohibitions is necessarily fact-specific and based upon the sentencing judge's in-person appraisal of the trial and the offender, the appropriate standard of review remains abuse of discretion.

*Rainey*, 168 Wn.2d at 374-75.

Parents have a fundamental liberty interest in the care, custody, and companionship of their children. *Rainey*, 168 Wn.2d at 374; *Warren*, 165 Wn.2d at 34. However, parental rights are not absolute; the State has a compelling interest in protecting children from witnessing domestic violence and from actions that would jeopardize their physical or mental health. *Rainey*, 168 Wn.2d at 378; *Warren*, 165 Wn.2d at 34. Sentencing courts can restrict the fundamental right to parent by conditioning a criminal sentence if the condition is reasonably necessary to further the State's compelling interest in preventing harm and protecting children. *State v. Berg*, 147 Wn. App. 923, 943, 198 P.3d 529 (2008).

B.      SENTENCING CONDITION PROHIBITING CONTACT

Landrie argues that the sentencing court's concern regarding "the nature of Landrie's crime" does not justify interference with his fundamental right to parent because Landrie did not ask for unsupervised contact with his minor son. Br. of Appellant at 6. We disagree.

The court did not abuse its discretion because the sentencing condition is crime-related and reasonably necessary to further the State's interest in protecting Landrie's minor son. Landrie was convicted of assaulting Foulkes' five-year-old minor child, who lived with Landrie, who Landrie cared for in a parental capacity, and who referred to Landrie as "Dad." VTP at 18. There are marked similarities between the victim and Landrie's minor child. Landrie's minor child is in the same class of persons as Landrie's victim and presents a similar need for protection from harm. Further, Landrie has demonstrated a disregard for appropriate behavior with those entrusted to his care. Also, Landrie's minor child lives with the victim. Based on the nature of Landrie's crimes and the similarity between Landrie's victim and his minor child, the court did not abuse its discretion by prohibiting contact with his minor child. *See State v. Corbett*, 158 Wn. App. 576, 599, 242 P.3d 52 (2010) (upholding the sentencing condition prohibiting contact with the defendant's minor children because of the defendant's history of establishing trust in a parental role to victimize other minors); *see also Berg*, 147 Wn. App. at 927, 943 (upholding a sentencing condition prohibiting the defendant from unsupervised contact with his minor daughter because the defendant was convicted of committing crimes against other children entrusted in his care).

Landrie relies on *State v. Ancira*, 107 Wn. App. 650, 27 P.3d 1246 (2001), to support his argument that the court erred. In *Ancira*, the defendant pleaded guilty to felony violation of the domestic violence no-contact order prohibiting contact with the defendant's wife. *Id.* at 652. As a condition of his sentence, the trial court prohibited the defendant from having contact with his wife and children. *Id.* The trial court explained that it prohibited contact with the defendant's children in addition to his wife because:

> [The children] were present when the last incident occurred. They were upset by it. The history of violence between you and your wife has been conducted before your children. I don't want any further harm to them. Even if they just witnessed it and aren't direct victims of physical violence themselves, it is extremely harmful to children. It is not in their best interest.

*Id.* at 653. The *Ancira* court invalidated the sentencing condition because although it was harmful to children to witness violence between their parents, witnessing domestic violence between parents is not a sufficient basis to prohibit contact with his children. *Id.* at 654.

*Ancira* is distinguishable from the issue here. In *Ancira*, the court invalidated a sentencing condition prohibiting the defendant from contact with his minor children where the crime was committed against a different class of persons than the minor children, and where he did not pose a risk of harm to the children. In *Ancira*, the defendant committed domestic violence against his wife, and there was no indication that the violence the children witnessed their mother suffer would be turned upon them. *See id.* at 653. Here, however, while Landrie did not inflict injury on his minor child, Landrie seriously injured his girlfriend's minor child, who was living with Landrie and who was entrusted to Landrie's care as a parent.

Landrie also argues that "the court's concern that contact between Landrie and his [child] would be disruptive to the child's placement is not appropriately addressed in a criminal sentencing proceeding." Br. of Appellant at 6. In support, Landrie cites *State v. Letourneau*, 100 Wn. App.

424, 997 P.2d 436 (2000). In *Letourneau*, the defendant's marriage dissolution proceedings occurred simultaneously with the criminal proceedings. *Id.* at 443.

> [T]here is some indication in the record that the criminal court and family court may have issued or potentially could have issued conflicting orders with respect to at least some of the visitation issues that are now before us in this appeal. The Legislature has provided more appropriate forums than the criminal sentencing process to address the best interests of dependent children with respect to most visitation issues—the family court in the case of marital dissolution and paternity cases, and the juvenile court in the case of dependency proceedings. It is the business of the criminal courts to protect minor children from being molested by convicted sex offenders by imposing appropriate conditions of community custody designed for that protective purpose.

*Id.* The court noted concerns regarding the impact of the defendant "aggressively exposing herself and her children to media notoriety" and said the potential "psychological harm that might arise from [the defendant's] communications with the children regarding the crime," "are better addressed outside the confines of the criminal sentencing process." *Id.* at 442, 443.

The *Letourneau* court's discussion is inapplicable here. Here, the record does not indicate that dissolution or custody proceedings were (or are) occurring or that the sentencing court's order would conflict with orders from another court. Furthermore, the *Letourneau* court held that the sentencing condition was not reasonably related to the defendant's crimes, and that it addressed concerns outside the appropriate scope of sentencing based on the unique factual circumstances of that case. But here, as discussed above, the sentencing condition is reasonably related to Landrie's crimes.

The sentencing court did not abuse its discretion by not granting Landrie's request that his biological child be excluded from the no-contact order because the sentencing condition reasonably relates to the crime and is reasonably necessary to protect Landrie's minor child.

No. 47307-1-II

Accordingly, we affirm.

A majority of this panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, J.

_____
Johanson, C.J.